# Exhibit B



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

DESHARNE WOODERTS
    Vs.                              C.A. No.       2022 CA 000820 B
MARS, INC et al

## INITIAL ORDER AND ADDENDUM

    **Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

    (1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum.  The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

    (3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

    (4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

    (5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133.  Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                   **Chief Judge Anita M. Josey-Herring**

Case Assigned to:  Judge ROBERT R RIGSBY
Date:       February 25, 2022
Initial Conference:  **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

 10:00 am, Friday, May 27, 2022
Location:  Courtroom 320
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

                    CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**


**Option1:  (AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX


**Option 3: (LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com  Select **Join**, enter the Meeting ID from the next page


**AUDIO ALTERNATIVE:**  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60



# Superior Court of the District of Columbia
### CIVIL DIVISION
### CIVIL ACTIONS BRANCH
#### 500 Indiana Avenue, N.W.
#### Washington, D.C. 20001

**February 25, 2022**

| | |
|---|---|
| **DESHARNE WOODERTS** | CASE NUMBER:  **2022 CA 000820 B** |
| PLAINTIFF | |

**vs.**

**MARS, INC**
DEFENDANT

## Notice of Non-Compliance with Sup. Ct. Civ. R. 11(a).

Pursuant to Rule 11(a) the Court hereby provides notice that a signature has been omitted from your filing. As provided for in Rule 11(a), "An unsigned filing shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."

Filed
D.C. Superior Court
02/28/2022 06:55PM
Clerk of the Court

Wise David Allen
8300 Greensboro Drive, L1-139
McLean, Virginia 22102
Bar ID: DC 492427

Attorney for Plaintiff

## SUPERIOR COURT OF DISTRICT OF COLUMBIA

## CIVIL DIVISION

| | |
|---|---|
| DeSharne Wooderts,<br><br>5900 S 145 Apt 4207<br><br>Wilmer, Texas 75172<br><br>        Plaintiff,<br><br><br>    vs.<br><br><br>Grant F. Reid<br><br>Mars, Inc. (Headquarters)<br><br>6885 Elm Street<br><br>McLean Virginia 22101, USA<br><br>Defendant | File No.: **2022 CA 000820 B**<br><br><br><br><br><br><br><br><br><br>**Complaint**<br>(Rights for Children and Trade Secrets) |

1

1  Mars, Inc,

2  15F., No.19-11, Sanchong Road,

3  Nangang District, Taipei City, Taiwan 11501,

4  China

5  Defendant

6

7  Pacific Marks Esaka, 12F, 9-1 Toyotsuchou,

8  Suita-shi, Osaka, 530-0000 Japan,

9  Defendant

10

11 Andrew Clarke

12 Mars Wrigley

13 800 High Street

14 Hackettstown, NJ 07840

15 Defendant

16

17 Fiona Dawson

18 Mars Food

19 1131 W. Blackhawk

20 Chicago, Ill 60642

21 Defendant

22

23

24

25

1   Martin Radvan

2   Mars Wrigley Confectionery Us, LLC

3   800 High Street

4   Hackettstown, NJ, 07840-1552

5   Defendant

6

7   Felix Hofle

8    (dba) Monchengladbach HRB 17893,

9   Mars Confectionery Supply GmbH,

10  Industriering 17, 41751 Viersen, Germany

11  Defendant

12

13  Wm. Wrigley Jr.

14  Starburst Duos

15  Corporation Delaware

16  1132 Blackhawk Street

17  Chicago, Ill 60642

18  Defendant

19

20  Jay Burgett

21  Starburst Duos

22  Corporation Delaware

23  1132 Blackhawk Street

24  Chicago, Ill 60642

25

1  &

2

3  John Doe(s) and Jane Doe(s)

4  Addresses Unknown

5  Defendant(s)

6

7  Individually, Jointly, and Severally as

8  Defendant(s).

9

10  **COMPLAINT FOR LEGAL, EQUITABLE RELIEF AND OTHER EQUITABLE**

11  **RELIEF**

12

13  **BRIEF BACKGROUND**

14

15  1¶  Essentially this controversy is about whether this court protects a 11 years-old

16  American child from abduction of design(s), description(s), and idea(s) of Trade Secrets and

17  Property by an international and national companies within multiple location.  This filing is

18  intended to commence the process to protect the rights of children, including the Plaintiff Ms.

19  Wooderts, and, as the United States Patent and Trademark office examines the design for a

20  Patent Application # 29/790,965, Confirmation #1360, and Patent center #60459778, and, the

21  state rights of this Plaintiff, whom was 11 year-old-child that designed a new candy, now called

22  Starburst Duos, dba as Starburst and Mars, Inc.

23

24

25

4

2¶ The abusive use of children by the defendant(s) have been noted by the Federal District Court of United States. **Federal District Court stated about this defendant Mars, Inc. "That children and forced laborers pick cocoa beans on a daily basis is indisputably an international tragedy."** Hodson v. Mars, Inc. 162 F. Supp. 3d 1016 (D.C. California 2016). This tragedy has been committed against the children by an inactive congress and these defendant(s) appear not to have curtailed questionable behavior. Now comes, the Plaintiff seeking redress from the conduct of these defendant(s).

## DEFINITION

3¶ And:  And is used in the conjunctive and disjunctive, to imply "and" or "or" in meaning.  And is defined with "and" literal sense of the word as a conjunctive "or" the non-literal sense of the word as a disjunctive.

4¶ Or:  Or is used in the conjunctive and disjunctive, to imply "and" or "or" in meaning. Or is defined with "and" non-literal sense of the word as a conjunctive "or" the literal sense of the word as a disjunctive.

5¶ Candy : The word is used interchangeably with candy, candies, starburst duos, and plaintiff Ms. Wooderts creation(s).

## SUBJECT JURISDICTION

6¶ Code of District of Columbia §11-921

7¶ Code of District of Columbia §36

8¶ Common Law, District of Columbia


**PERSONAL JURISDICTION**


9¶  <u>Plaintiff</u> consents to jurisdiction.


10¶ <u>Defendant</u>(s) headquarters is less than 12 miles from this court, conduct extensive

business within the jurisdiction of this court as **Starburst Duos**, Starburst, M&Ms, Mars bars,

Milky Way bars, Skittles, Snickers, Juicy Fruit, Spearmint, Doublemint, Freedent, Big Red,

Extra, Winterfresh, Hubba Bubb, Orbit, Orbit White, Eclipse, 5, Boomer, Twix and many other

trade names by use of United States Post Office, United States Shipping Industry, United States

Interstate Commerce, United States Internet, United States Wiring ( of which amendment to

complaint of federal claims from documents in anticipated discovery – complaint is solely on the

one page document in the hands of undersigned counsel).


11¶ <u>John Doe(s) and Jane Doe(s)</u> place of residents are unknown. In the discovery, the

Plaintiff plans to amend the complaint with additional causes of actions and the actual names,

addresses, and locations of John Doe(s) and Jane Doe(s).  Discovery will reveal their current

home addresses for service and additional service.

## FACTS

12¶ For an elementary assignment given to the Plaintiff Ms. Wooderts, who was 11 years of age, Ms. Wooderts came up with a design of a new candy made from an existing candy Starburst. Ms. Wooderts used a computer to design her idea. Firstly, she designed the candy that featured blending of two flavors connected together as a brand new candy. Secondly, Plaintiff Ms Wooderts described the candy, her idea(s), and her design(s) in writing that was submitted ultimately to defendant Mars, Inc.

13¶ The 11-year-old really didn't know much about how to use the computer but she really wanted to get an "A" and this new candy was going to be the best seller of candies. The 11-year-old child came up with a brilliant design of creating a new candy out of her favorite candy, which was Starburst, that is enjoyed by many children in the world. A determined 11-year-old decided to overcome her fear and ignorance of computers to design her new masterpiece. This child just new that this design was going to be the best. She knew that Starburst is the best candy on the market (at the time) and she could only make the candy better. This 11-year-old gained the courage to place her tiny tiny fingers on that computer and struggled. This little girl didn't know how to use the computer to draw. She was stuck, but this 11-year-old was determined to design this computer. This 11-year old is now the Plaintiff Ms. Wooderts

14¶ Plaintiff Ms. Wooderts at the age of 11 placed considerable amount of effort merely to learn how to get everything on the computer to work. Determined, this 11-year-old started to draw her designs for her new candy to be produced for all the children in the world, especially

for herself.  Plaintiff Ms. Wooderts really loved her Starbursts and really had hope.  She was convinced that anyone that made Starburst would understand how great this new candy was going to be for all the children.  Plaintiff Ms. Wooderts said "imagine your two favorite flavors in one candy." That 11-year-old child drew the new design(s) that turned into design(s) of a brand new candy.

15¶ Plaintiff Ms. Wooderts, encouraged by her teacher, wrote a description(s) of her design(s) on paper and mailed, through United States Post Office, to Mars, Inc. for manufacturing the "newest" and "bestest" new candy in the world.

16¶ Defendant Mars Inc. received the Plaintiff Ms. Wooderts's description(s),  Ms. Wooderts' idea(s), and Ms. Wooderts's design(s) from Plaintiff Ms. Wooderts by mail and logged the receipt of this written document from Plaintiff Ms. Wooderts into a ledger or some other named tangible and/or intangible record keeping document of defendant Mars, Inc. possessed or in trust possessed by Privacy Coordinator/Consumer Affairs for Department of Operations, defendant Mars, Inc.

17¶ Defendant(s) held the trade secrets of Plaintiff Ms. Wooderts that included all that time, effort and hard work of the creative idea(s), design(s), and description(s) of the 11-year-old child, Ms. Wooderts.   Defendant(s) possessed the trade secrets of Plaintiff Ms. Wooderts by holding in their offices her design(s), description(s), and idea(s).

18¶ Then, a short time thereafter, by mail defendant Mars, Inc. acknowledged to Plaintiff Ms. Wooderts that Mars, Inc. received her letter that contained the Plaintiff Ms. Wooderts designs, Plaintiff Ms. Wooderts descriptions, and Plaintiff idea(s).  Defendant Mars, Inc stated the idea(s) were her idea(s) and that the idea(s) belonged to Plaintiff Ms. Wooderts.   Defendant Mars, Inc didn't deny seeing Plaintiff Ms. Wooderts descriptions and Plaintiff's Ms. Wooderts design(s) and hasn't deny having the design(s) and description(s) of the Plaintiff Ms. Wooderts. Defendant acknowledged possessing the design(s), possessing the description(s), and possessing the idea(s).

19¶ Defendant, vicariously, defendant(s), promised, in writing, Plaintiff Ms. Wooderts the contents of her original offer and invitation to contract to develop the new flavors candy were indeed the ownership of Plaintiff Ms. Wooderts.   With that refusal of the design(s), description(s), and idea(s), carried a promise not to use her design(s), description(s) of the utility, and her idea(s).  Defendant(s) **signed** the letter on one of many letterheads of Mars, Inc with Starburst Trademark printed in the column with bunch of other candy brands and sent that **signed** letter to Plaintiff Ms. Woodert(s) at her elementary school.

20¶ In writing, Defendant(s) remarked to Plaintiff Ms. Wooderts, "It was obvious from your letter that you put a lot of time, effort, and hard work into your suggestions." Understatement to Plaintiff Ms. Wooderts, who was 11 years old upon receipt of the letter by the school was read in front of her entire class.  These "suggestions" contained the designs, descriptions, and the idea(s) created by Plaintiff Ms. Wooderts to the defendant(s). Defendant(s) stated, "to avoid confusion of ownership".. "we must refuse many wonderful suggestions each

year, some very similar to yours." Defendant(s) thanked Plaintiff Ms. Wooderts for taking the time to submit HER creative idea(s) that contained the design(s), description(s), and idea(s). Defendant(s) admitted ownership at her creative idea(s) and avoided confusion of ownership of the hard work of Plaintiff Ms. Wooderts.

21¶ Defendant(s) promised Plaintiff Ms. Wooderts not to use anything contained in that letter beyond that date of the refusal of the hard work by defendant(s). That letter read by defendant(s) contained the design(s), description(s), and idea(s).  Plaintiff Ms. Wooderts accepted the refusal of the defendant(s) to use the design(s), description(s), and idea(s) by defendant(s).  To that degree, Defendant(s) had limited use of the trade secrets of Plaintiff Ms. Wooderts, which was accomplished at her age of 11 years old and that refusal was the extent of the limit to use the design(s), description(s), and idea(s) of Plaintiff Ms. Wooderts.

22¶ Defendant(s) breached the promise to Plaintiff Ms. Wooderts by using and reproducing the design(s), description(s), and idea(s) of Plaintiff Ms. Wooderts, again. Defendant(s) took in millions of dollars from Plaintiff Ms. Wooderts design(s), description(s), and idea(s) and took in millions of dollars from the unauthorized use, of substantially similar design(s), description(s), and idea(s) without authorization, permission, or any form of consent by and from Plaintiff Ms. Wooderts.

23¶ Mars, Inc. had not requested or sought authorization of use of design(s), idea(s), and description(s) of Plaintiff Ms. Wooderts. Instead, defendant(s) decided to move against their promise to refusing to accept the design(s), description(s), and idea(s) of Plaintiff Ms. Wooderts.

Then, defendant(s) decided to move further into their acts of taking the property of another.  The defendant(s) manufactured the design(s) with fullness of the description(s) and idea(s) of Ms. Wooderts.  Finally somewhere in the process defendant Mars, Inc. included all the defendant(s) and many more unknown corporation(s). Mars, Inc. grew into requesting and getting these other defendant(s) to agree with the multiplication and manufacturing the design(s) with fullness and breaths of the description(s) and idea(s) created and displayed by Ms. Wooderts.  Mars, Inc manufactured one by one the new candy designed and described by the 11-year-old child, now Plaintiff Ms. Wooderts.

24¶ In anguish, Plaintiff Ms. Wooderts, her design(s), her description(s), and idea(s) receded into secrecy and privacy.  Plaintiff Ms. Wooderts stopped believing in herself and stopped pushing New Flavors.  The letters concerning New Flavors were pushed to the side. Plaintiff Ms. Wooderts decided to place everything in solitude.

25¶ On February 19, 2019, Trademark Starburst of defendant introduces New Starburst Duos by a release in PRNewswire. Defendant(s) called the candy Starburst Duos, originally designed by Plaintiff Ms. Wooderts, with INNOVATION and UNIQUE qualities bringing two unexplainably juicy flavors together in one single fruit.  Desi Okeke, Sr. Brand Manager, STARBURST, stated "We are always **listening to our fans**, and they love it when two flavors come together in confections." Sr Brand Manager didn't disclose the name of Plaintiff Ms. Wooderts whom is originally, honestly, created the design(s), provided description(s). The Sr Brand Manager didn't bother anything that transpired.

26¶ On February 20, 2019, according to popculture.com, Allison Schonter authored an Internet announcement saying Starburst announced on Tuesday (presumably **19ᵗʰ of February 2019** – a possible date of initiation of statute of limitations-) the new two-in-one candy combines two juicy flavors in a single chew (Starburst Duos). The candy, made available nationwide on Tuesday, had already caused a wave of excitement on social media.  Starburst Duos were made available in stores nationwide on Tuesday, with single packs costing $0.99 and 14 oz. bags priced at $3.19.  Plaintiff Ms. Wooderts 's design(s), description(s), and idea(s) are valued at $0.99 and 14 oz. bags at $3.19 or a significant percentage therein for each candy and has maintained the design(s), description(s), and idea(s).

27¶ On February 20, 2019, defendant(s) had intentionally had taken design(s), description(s), and idea(s) on May 06, 2020 of Plaintiff Ms. Wooderts that caused harm to Plaintiff Ms. Wooderts and by depriving the economic benefit to Plaintiff Ms. Wooderts.  Defendant(s) produced nothing to suggest an effort to reach out to Plaintiff Ms. Wooderts or to maintain a trust for Plaintiff Ms. Wooderts.

28¶ May 06 2020, Plaintiff Ms. Wooderts, whom had been heartbroken at the age of 11 by defendant Mars, Inc., with co-defendant(s) discovered the use, beyond limit it use, of her designs and her portion of the utility description were adopted by, used, beyond limits of authorization, by, manufactured by, and sold for revenue by Mars, Inc., STARBURST and STARBURST DUOS, owned by and in partnership or another form of profit orientation business arrangement, with Mars, Inc. Defendants, by de jure, have been sharing the design(s), idea(s),

and description(s) made, created, and produced by Plaintiff Ms. Wooderts as a form of commercial project, now known as STARBURST DUOS.

29¶ On May 06, 2020, Plaintiff Ms. Wooderts knew defendant(s) had intentionally willfully and maliciously taken her design(s), description (s), and idea(s). In pain, Plaintiff Ms. Wooderts sent a text to her relative in disbelief.

30¶ Defendant(s) raked into millions of dollars from the use of STARBURST DUOS internationally and nationally from the thoughts, works, courage, decisions, and submission of an American Girl at the age of 11 born in the Lone State TEXAS, United States of America. That 11 year-old-girl is now a real tax payer within United State of America.  Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020.

31¶ Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021. Mars, Inc. is very shrewd company that has taken from the benefit from children.   For the second time, Defendant Mars, Inc lands the company in an inadequate compensation law suit concerning international and national children.  Defendant Mars, Inc. has now added acquired Defendant Wrigley into inadequate payment of and abuse of children corporate behavior.

32¶ Well, the defendant(s) have been able to use children in different matters prescribed questionable by escaping the grasps of states and federal laws for profit, as pointed out by United States District Court, California. The dollar has been shown to have been useful in such circumstance.

33¶ And in discourse with agents of the defendant(s), through agent Mars, Inc, the defendant(s) has not produced any document to Plaintiff Ms. Wooderts contradicting these allegations or in mitigation of the offense to offset growing expenses, to deter this litigation or anything of that nature. Mars, Inc. has not shown Plaintiff Ms. Wooderts any document that shows or demonstrates that Starburst Duos had been developed by any of the defendant(s) of sufficiently dissimilar trade secrets of design(s), idea(s), and description(s) of Plaintiff Ms. Wooderts and has not shown any development of similar works of Plaintiff Ms Wooderts before defendant(s) submitted for manufacturing of design(s), idea(s), and description(s) owned by Plaintiff Ms. Wooderts to offset heart-ship, to offset any idea that any one of them developed anything, let alone sufficiently dissimilar to the works of the Plaintiff, or even to offset a protection of rights to recover lawsuit. In fact, defendant(s) have not produced one record in the conversation and have not produced one record to show anything to hint these designs were ever done by either of defendant(s).

34¶ Defendant(s) forced a single parent mother Plaintiff, whom can't afford a litigator, discovery costs, (probably shrewdly planned by Mars, Inc.) and all those accessories, to find a compassionate attorney in United States that will assist her to dispel her mental anguish and, with her last hope of any sense of justice, a reason to believe that a court of justice exists.

14

35¶ As a result of the unclean hands of the defendant(s) and conduct of the defendant(s), the following Causes of Actions and Damages are alleged to have been conducted by the defendants jointly and severely.

## CAUSE OF ACTIONS

36¶ For the section and each CAUSE OF ACTIONS expressed and/or implied, Plaintiff Wooderts by adoption(s) and incorporation(s) the statements in BACKGROUND and FACTS:

37¶ 1) State Cause of Action _ Acquisition Misappropriation of Designs: Defendant(s) misappropriated the design(s) by Plaintiff Wooderts's design(s) by acquiring the design(s) by improper means.   Defendant knew that Plaintiff Wooderts had designed the candy and candies by having possession of the design(s) directly from Plaintiff Ms. Wooderts at he age of 11-year-old, the description(s) of the design(s), and the idea(s) that flowed through the designs and description(s) of the design(s).   Defendant(s), jointly and severally, through vicarious relationship(s) promised to formulate a recognizable duty to Plaintiff Ms. Wooderts, whom by conduct, agreed with some signed evidence of writing, that Defendant(s) would not use the content of her design(s), her idea(s), and her description(s). Defendant(s) breached the duty as promised to Plaintiff Ms. Wooderts that defendant(s) would not use, beyond limit it use, her design(s), her idea(s), and her description(s) by defendant(s) using her design(s), her idea(s), and her description(s). Defendant(s) used, beyond limit it use, the content of her design(s), her idea(s), and her description(s) without authorization or permission or waiver for revenue in the

form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s). Without consent or authorization from Plaintiff Ms. Wooderts, Defendant(s) deprived the revenue(s) by illegal use, beyond limit it use, of Plaintiff Ms. Wooderts's works for revenue in the form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s). As a result of the conduct by defendant(s), Plaintiff Ms. Wooderts suffered and suffers emotional and economic damages. Defendants were unjustly enriched by their misappropriation against Plaintiff Ms. Wooderts. Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021. Withstanding the pressure, Plaintiff Ms. Wooderts maintained her design(s), her description(s) and her idea(s) in an obscurity.


    38¶ 2) State Cause of Action _ Acquisition Misappropriation of Candy-Cover Design(s): Defendant(s) misappropriated the candy-cover design(s) by Plaintiff Wooderts's candy-cover design(s) by acquiring the design(s) by improper means.  Defendant knew that Plaintiff Wooderts had candy-cover designed the candy and candies by having possession of the design(s)

directly from Plaintiff Ms. Wooderts at he age of 11-year-old, the description(s) of the candy-cover design(s), and the idea(s) that flowed through the candy-cover designs and candy-cover description of the design(s).   Defendant(s), jointly and severally, through vicarious relationship(s) <u>promised</u> to formulate a recognizable duty to Plaintiff Ms. Wooderts, whom by conduct, agreed with some signed evidence of writing, that Defendant(s) would not use, beyond limit it use,  the content of her design(s), her idea(s), and her description(s). Without consent or authorization from Plaintiff Ms. Wooderts, Defendant(s) breached the duty as promised to Plaintiff Ms. Wooderts that defendant(s) would not use, beyond limit it use, her design(s), her idea(s), and her description(s) by defendant(s) using her design(s), her idea(s), and her description(s).  Without consent or authorization from Plaintiff Ms. Wooderts, Defendant(s) did use, beyond limit it use, the content of her design(s), her idea(s), and her description(s) without authorization or permission or waiver for revenue in the form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s). Defendant(s) deprived the revenue(s) by illegal use, beyond limit it use, of Plaintiff Ms. Wooderts's works for revenue in the form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s).  As a result of the conduct by defendant(s), plaintiff suffered and suffers emotional and economic damages. Defendants were unjustly enriched by their misappropriation against Plaintiff Ms. Wooderts.  Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant

Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021.  Ms. Wooderts maintained her design(s), her description(s) and her idea(s) in an obscurity.


39¶ 3) State Cause, beyond limit it use, of Action _ Improper Disclosure Misappropriation of Design(s): Defendant(s) improperly use, beyond limit it use, Plaintiff Ms. Wooderts's designs without consent by Plaintiff Ms. Wooderts.  Defendant knew that Plaintiff Wooderts had designed the candy and candies by having possession of the design(s) directly from Plaintiff Ms. Wooderts at he age of 11-year-old, the description(s) of the design(s), and the idea(s) that flowed through the design(s) and description(s) of the design(s).   Defendant(s), jointly and severally, through vicarious relationship(s) <u>promised</u> to formulate a recognizable duty to Plaintiff Ms. Wooderts, whom by conduct, agreed with some evidence of writing, that defendant(s) would not use, beyond limit it use, the content of her design(s), her idea(s), and her description(s).  Defendant(s) never requested consent from the Plaintiff Ms. Wooderts to use, beyond limit it use, her trade secret(s), her design(s) for the candy.  Plaintiff Ms. Wooderts never received a request for consent to use, beyond limit it use,  her trade secret(s) design(s) for the candy.  Plaintiff Ms. Wooderts never renewed her offer to defendant(s) or gave a new offer to the defendant(s) to use, beyond limit it use, her trade secret design(s).  Instead, defendant(s) knew that Plaintiff Ms. Wooderts had a trade secret(s) and stated to Plaintiff Ms. Wooderts that trade secret(s) design(s) are Plaintiff Ms. Wooderts.  With this knowledge of the trade secret(s)

belonging to Plaintiff Ms. Wooderts, at this time, defendant(s) illegally acquired the trade secret from Plaintiff Ms. Wooderts despite, when defendant(s) decided to acquire the trade secret(s) of Plaintiff Ms. Wooderts, the defendant(s)'s had promised Ms. Wooderts no use, beyond limit it use, of the trade secret(s) of Ms. Wooderts. Defendant(s) breached the duty as promised to Plaintiff Ms. Wooderts that defendant(s) would not use, beyond limit it use, her design(s), her idea(s), and her description(s) by defendant(s) using her design(s), her idea(s), and her description(s). Without consent or authorization from Plaintiff Ms. Wooderts, Defendant(s) use, beyond limit it use, the content of her design(s), her idea(s), and her description(s) without authorization or permission or waiver in the form of use, beyond limit it use, for revenue in the form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s). Defendant(s) deprived the revenue(s) by illegal use, beyond limit it use, of Plaintiff Ms. Wooderts's works for revenue in the form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s). As a result of the conduct by defendant(s), Plaintiff Ms. Wooderts suffered and suffers emotional and economic damages.  Defendants were unjustly enriched by their misappropriation against Plaintiff Ms. Wooderts.  Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is

ranked #4 in the America's Largest Private Companies 2021. Ms. Wooderts maintained her design(s), her description(s) and her idea(s) in an obscurity.

40¶ 4) State Cause, beyond limit it use, of Action _ Improper Disclosure Misappropriation of Candy-Cover Design(s): Defendant(s) improperly used, beyond limit it use, Plaintiff Ms. Wooderts's candy-cover designs without consent by Plaintiff Ms. Wooderts. Defendant knew that Plaintiff Wooderts had designed the candy and candies by having possession of the candy-cover design(s) directly from Plaintiff Ms. Wooderts at he age of 11-year-old, the description of the candy-cover design(s), and the idea(s) that flowed through the candy-cover designs and candy-cover descriptions of the design(s). Defendant(s), jointly and severally, through vicarious relationship(s) promised to formulate a recognizable duty to Plaintiff Ms. Wooderts, whom by conduct, agreed with some evidence of writing, that defendant(s) would not use, beyond limit it use, the content of her candy-cover design(s), her idea(s), and her candy-cover description(s). Defendant(s) never requested consent from the Plaintiff Ms. Wooderts to use, beyond limit it use, her trade secret(s), her design(s) for the candy. Plaintiff Ms. Wooderts never received a request for consent to use, beyond limit it use, her trade secret(s) candy-cover design(s) for the candy. Plaintiff Ms. Wooderts never renewed her offer to defendant(s) or gave a new offer to the defendant(s) to use, beyond limit it use, her trade secret candy-cover design(s). Instead, defendant(s) knew that Plaintiff Ms. Wooderts had a trade secret(s) and stated to Plaintiff Ms. Wooderts that trade secret(s) candy-cover design(s) are Plaintiff Ms. Wooderts. With this knowledge of the trade secret(s) belonging to Plaintiff Ms. Wooderts, at this time, defendant(s) illegally acquired the trade secret from Plaintiff Ms. Wooderts when defendant(s) decided to acquire the trade secret(s) of Plaintiff Ms. Wooderts, the defendant(s)'s had promised

Ms. Wooderts no use, beyond limit it use, of the trade secret(s) of Ms. Wooderts. Defendant(s) breached the duty as promised to Plaintiff Ms. Wooderts that defendant(s) would not use, beyond limit it use, her candy-cover design(s), her idea(s), and her candy-cover description(s) by defendant(s) using her design(s), her idea(s), and her description(s). Defendant(s) use, beyond limit it use, the content of her candy-cover design(s), her idea, and her candy-cover description(s) without authorization or permission or waiver for revenue in the form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s). Defendant(s) deprived the revenue(s) by illegal use, beyond limit it use, of Plaintiff Ms. Wooderts's works for revenue in the form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s). As a result of the conduct by defendant(s), Plaintiff Ms. Wooderts suffered and suffers emotional and economic damages. Defendants were unjustly enriched by their misappropriation against Plaintiff Ms. Wooderts.  Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021.  Ms. Wooderts maintained her design(s), her description(s) and her idea(s) in an obscurity.

41¶ 5) State Cause of Action_ Willful and Malicious Misappropriations of the Designs: This section continues to incorporate the factual allegations and add the two set of allegations in the State Cause Action_Willful and Malicious Misappropriations of the Designs.  In addition, to those factual allegations and pleadings within those cause, beyond limit it use, of actions, Plaintiff Ms. Wooderts here pleas the Defendants intentionally acquired and improperly use, beyond limit it use, d the trade secret(s) of the design(s) and description(s) of Plaintiff Ms. Wooderts by disregarding their promise not to use, beyond limit it use, the trade secret(s) of the design(s) and description(s) from the knowingly, intentionally consciously deciding to disregard the ownership, rights of trade secrets of Plaintiff Ms. Wooderts, and by the admissions of the defendant(s) imputed and actual knowledge of that trade secret(s) of the design(s) and description(s) created, developed by a 11 year-old child, now Plaintiff Ms. Wooderts and by disregarding their promise not to reproduce the trade secret(s) of the design(s) and description(s) from the knowingly, consciously reproduced the trade secret(s) of Plaintiff Ms. Wooderts design(s) with the defendant(s) imputed and actual knowledge that trade secret(s) of the design(s) and description(s)  were created, developed by a 11 year-old child. Defendants were unjustly enriched by their misappropriation against Plaintiff Ms. Wooderts.  Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021. Ms. Wooderts maintained her design(s), her description(s) and her idea(s) in an obscurity.

42¶ 6) State Cause of Action_ Willful and Malicious Misappropriations of the Candy-Cover Designs: This section continues to incorporate the factual allegations and add the two set of allegations in the State Cause Action_Willful and Malicious Misappropriations of the Candy-Cover Designs.  Defendant(s) misappropriated the candy-cover design(s) by Plaintiff Wooderts's candy-cover design(s) by acquiring the design(s) by improper means.  Defendant knew that Plaintiff Wooderts had candy-cover designed the candy and candies by having possession of the design(s) directly from Plaintiff Ms. Wooderts at he age of 11-year-old, the description(s) of the candy-cover design(s), and the idea(s) that flowed through the candy-cover designs and candy-cover description of the design(s).  Defendant(s), jointly and severally, through vicarious relationship(s) promised to formulate a recognizable duty to Plaintiff Ms. Wooderts, whom by conduct, agreed with some signed evidence of writing, that Defendant(s) would not use, beyond limit it use,  the content of her design(s), her idea(s), and her description(s). Without consent or authorization from Plaintiff Ms. Wooderts, Defendant(s) breached the duty as promised to Plaintiff Ms. Wooderts that defendant(s) would not use, beyond limit it use, her design(s), her idea(s), and her description(s) by defendant(s) using her design(s), her idea(s), and her description(s).  Without consent or authorization from Plaintiff Ms. Wooderts, Defendant(s) did use, beyond limit it use, the content of her design(s), her idea(s), and her description(s) without authorization or permission or waiver for revenue in the form of assignment, cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible asset(s), and other intangible item(s) and other tangible item(s). Defendant(s) deprived the revenue(s) by illegal use, beyond limit it use, of Plaintiff Ms. Wooderts's works for revenue in the form of assignment,

cash, marketing, credit(s), borrowing credit(s), salaries, expansion(s), manufacturing, current

asset(s), fixed asset(s), tangible asset(s), operating asset(s), non-operating asset(s), intangible

asset(s), and other intangible item(s) and other tangible item(s).  As a result of the conduct by

defendant(s), plaintiff suffered and suffers emotional and economic damages. Defendants were

unjustly enriched by their misappropriation against Plaintiff Ms. Wooderts.  Defendant Mars,

alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein

"FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant

Mars, Inc took the drawings of a child without compensation then their revenue enhanced to

5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate

growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private

Companies 2021.  Ms. Wooderts maintained her design(s), her description(s) and her idea(s) in

an obscurity.


43¶ 7) Quantum Meruit:  This cause of action incorporates the facts and allegations

within causes of actions from 1) to 7).  Plaintiff Ms. Wooderts, as a child, made her design(s),

description(s), and idea(s) in full and submitted them to the defendant(s).  Plaintiff rendered her

valuable services and goods to defendant(s).  defendant(s) with these goods, services initially

declined these goods, services provided by Plaintiffs Ms. Wooderts, but later the defendant(s)

took her goods, services without expressed consent, without implied consent, and without

authorization.  The defendant(s) used and reaped revenue for tremendous value to the

defendant(s) from the services and good owned by Plaintiff Ms. Wooderts.  Before the three-year

statute of limitations from discovery of the services, goods were used and from the date the

defendant advertised the use of services, goods had accrued, Plaintiff Ms. Wooderts reached out

to the defendant(s) for remuneration of their use of services, goods, but defendant(s) declined to pay Plaintiff Ms. Wooderts.  Defendant(s) were unjustly enriched by their actions against Plaintiff Ms. Wooderts. Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021.

44¶ 8) Unjust Enrichment: The Plaintiff Ms. Wooderts exposed a benefit upon the defendants by submitting her services, goods in the form of the design(s), description(s), and idea(s) to the defendant(s).   Then defendant has used the benefit of her services, goods in the form of the design(s), description(s) and idea(s) and retains the benefit; and the benefit conferred upon the Defendant(s) is a service, good owned by her and that such taking of a persons design(s), description(s) are inequitable and unjust given the millions of dollars in revenues were using the services, goods and design(s), description(s), and idea(s) owned by the Plaintiff.  The defendant(s) decision to move against their promise not to use the services, goods of Plaintiff Ms. Wooderts and use the services, goods of Plaintiff Ms. Woods. Defendants were unjustly enriched by their conduct against Plaintiff Ms. Wooderts.  Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY

2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of

2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021.

45¶ 9) Emotional Distress: Defendant(s) decided to disregard defendant(s) refusal

promise to use the design(s), description(s), and idea(s).  Plaintiff Ms. Wooderts did not invoke,

provoke defendant(s) in any capacity.  In making this decision, Defendant(s) didn't display any

thoughts towards Plaintiff Ms. Wooderts to abandon all areas of caution and disregarded the

potential consequences on Plaintiff Ms. Wooderts, including her family and friends.

Defendant(s) intended to use the design(s), description(s), and idea(s) of Plaintiff Ms. Wooderts.

Instead, Defendant(s) knew their power was economically great and greater than likely an

American child is likely to obtain in North America.  Defendant(s)'s decision stomped on the

hopes of an American child then decided to step on the hopes, life of an adult American women

by disregarding their promise not to use the design(s), description(s), and idea(s) of an American

child are considered within the bounds of decency by a billion-dollar company that has used

children in the past and even today.  Plaintiff Ms. Wooderts pleads the acts of the Defendant(s)

are beyond all possible bounds of decency as an atrocious and utterly intolerable act to a

civilized community by each act of squashing the hope out of the Plaintiff Ms. Wooderts and by

each act of the use of her design(s), description(s), and idea(s) that is compounded by marketing.

Plaintiff Ms. Wooderts pleads the acts of the Defendant(s) are beyond all possible bounds of

decency as an atrocious and utterly intolerable act to a civilized community by the squashing the

hope out of the Plaintiff Ms. Wooderts and by the use of her design(s), description(s), and idea(s)

that is compounded by marketing.  Defendant(s) planned the Plaintiff Ms. Wooderts to see the

power of the Defendant(s) squashing her, taking her design(s), and using them on the Internet, Stores, and in People.  Defendant(s) wanted Plaintiff Ms. Wooderts to see and feel the pain of being a rejected 11-year-old girl for the rest of her life and for her to know inequality of fairness. Defendant(s) assured Plaintiff Ms. Wooderts will live in that pain by marketing, manufacturing, and spreading her designs throughout the world.  Plaintiff Ms. Wooderts remains in mental anguish and suffering.  Defendant(s) were unjustly enriched by their conduct against Plaintiff Ms. Wooderts. Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021.

46 ¶  Negligent Infliction of Emotional Distress: Defendant(s) decided to refrain from using the works of Plaintiff Ms. Wooderts.  Defendant(s) Mars, Inc wrote very simply without saying no and by saying refusal.  Defendant then built expectations that the Defendant(s) will not use the works of the Plaintiff Ms. Wooderts.  At this point, an obligation developed to Plaintiff Ms. Wooderts, the original owner of the design(s), description(s), and idea(s).  Instead of following the obligations created by Defendant(s), Defendant(s) broke the obligations by taking the design(s), description(s), and idea(s).  Defendant(s) reproduced the design(s), description(s), and idea(s) of Ms. Woodert(s) by manufacturing them in the form of Starburst Duos that Defendant(s) knew or should have known that eventually Ms. Woodert(s) would see her work on their label without acknowledgement and without compensation.   Then as a natural result of

seeing this Plaintiff Ms. Wooderts suffered.  The type of sufferance made her continue her reclusive behavior over the theft of her work by the Defendant(s).  Plaintiff Ms. Wooderts, at times, would share her mental pain and her difficulty with her Grandmother.  Plaintiff Ms. Wooderts felt fear, loneliness, pain possessed with tears, and emotionally raped by the Defendant(s) in a manner that only a victim can understand.   Plaintiff Ms. Wooderts suffered alone, mostly, and in the darkness of the night.  Then, one day, the Grandmother asked for help from her Granddaughter from the undersigned attorney.  Plaintiff Ms. Wooderts continues to suffer from the realization that a company could do this to a child, person, her with no hope for the innocent.  The pain of a child trusting a company, full adults, that mistreated that child is a pain that will never die in Plaintiff Ms. Wooderts and shapes a person against the very fabric of trust within all adults and government. That mental pain is a physical pain that will never leave Plaintiff Ms. Wooderts.  Defendant Mars, alone, reported an annual revenue approximately $35,000,000,000.00 in Fiscal Year (herein "FY") 2018, $37,000,000,000.00 in FY 2019, and $40,000,000,000.00 in FY 2020. Defendant Mars, Inc took the drawings of a child without compensation then their revenue enhanced to 5.71% from FY 2018 to 2019 and 8.11% from FY 2019 to FY 2020 to display an approximate growth rate of 2.40%. On Forbes list Mars, Inc. is ranked #4 in the America's Largest Private Companies 2021.


47¶ Now, the Plaintiff has filed this pleading before this court that the Defendant(s) jointly and separately violated the laws of United States of America and World Agreements by knowingly use, beyond limit it use, the creations of the 11 years of age by defendants *dba* Starburst Duos, whom has provided written acknowledgement of her creation as her creations. Plaintiff pleads the actions of the defendants are punitive and/or punitive alike given that

Plaintiff contacted the defendants to derail costs and to avoid litigation, however, defendants failed to respond in any fashion to discuss the legal or equitable matter being brought before the court.  In discourse, Defendant(s) decided not to derail costs and fees accrued by or issued by Plaintiff, Attorney by the Plaintiff, Witnesses, Defendant(s), Shareholder(s) of Defendant(s) or Defendant(s) individually to, de facto, increase costs on everyone, including themselves by not producing a document in contrary to the use of design(s), description(s), and idea(s) created by the Plaintiff Ms. Wooderts or any other document to suggest that true owners of Starburst Duos isn't Plaintiff Ms. Wooderts.

**Legal and Equitable Damages**

48¶ Plaintiff  Ms. Wooderts pleads the attorney fees are provided to the below counselor by defendant(s) and all damages this court finds appropriate, including and not limited to, moving Mars, Inc into Buffett or government trustee receivership for the benefit of the Plaintiff Ms. Wooderts, world children, the state, and the country.  Plaintiff Ms. Wooderts to be given by order of the court monetary damages, punitive damages, expenses related to the actions and lawsuit(s) at the nexus of this matter, and equitable, including, not limited to unjust enrichment, damages and/or relief.   Also damages and relief for the Plaintiff Ms. Wooderts' sufferance over her demise and paralyzed by the emotions, finally with assistance from others, gathered herself together.

Dated this 17th day of February, 2022

By: _____

Wise David Allen

8300 Greensboro Drive, L1-139

McLean, Virginia 22102

Bar ID: DC 492427

_____

Plaintiff DeSharne Wooderts

Hours: 5 hours
      Drafting
Hours: 1 hours and 11 minutes
Hours: 2 hours and 06 minutes Feb 12th
Hours: 1 hour and 07 minutes Feb 14
Hours:  13 minutes  Feb 15
Hours:  4 hours  06 minutes Feb 16
        Research and Drafting

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

DESHARNE WOODERTS

Vs.                                                     C.A. No.        2022 CA 000820 B

MARS, INC et al

### INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby** ORDERED **as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge ROBERT R RIGSBY
Date:        February 25, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

10:00 am, Friday, May 27, 2022
Location:   Courtroom 320
              500 Indiana Avenue N.W.
              WASHINGTON, DC  20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,    "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:  (AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

> ❋  *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise.  If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3: (LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page



AUDIO ALTERNATIVE:  Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window.  Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60

eFiled
02/21/2023 10:41:22 PM
Superior Court
of the District of Columbia

Wise David Allen (DC 492427)
Attorney at Law
8300 Greensboro Drive, L1-139
McLean, Virginia 22102
Wise David Allen, Esq.

| | |
|---|---|
| 1  Pacific Marks Esaka, 12F, 9-1 | Defendant |
| 2  Toyotasuchou, | |
| 3  Suita-shi, Osaka, 530-000 Japan, | Felix Hofle |
| 4  Defendant | (dba) Monchenglandbach HRB 17893, |
| 5  | Mars Confectionery Supply GmbH, |
| 6  Andrew Clake | Industriering 17, 41751 Viersen, Germany |
| 7  Mars Wrigley | Defendant |
| 8  800 High Street | |
| 9  Hackerttstown, NJ 07840 | Wm Wriglcy Jr. |
| 10  Defendant | Starburst Duos |
| 11  | Corporation Delaware |
| 12  Fiona Dawson | 1132 Blackhawk Street |
| 13  Mars Food | Chicago, Ill 60642 |
| 14  1131 W. Blackhawk | Defendant |
| 15  Chicago, Ill 60642 | |
| 16  Defendant | Jay Burgett |
| 17  | Starburst Duos |
| 18  | Corporation Delaware |
| 19  Martin Radvan | 1132 Blackhawk Street |
| 20  Mars Wrigley Confectionary Us, LLC | Chicago, Ill 60642 |
| 21  800 High Street | Defendant |
| 22  Hackettstown, NJ, 07840-1552 | |
| 23 | |
| 24 | |
| 25 | |

Wise David Allen, Esq.
8300 Greensboro Drive, L1-139
McLean, Virginia 22102

Attorney for Plaintiff

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

Civil Division

| | |
|---|---|
| Desharne Wooderts | Case No.: 2022 CA 000820B |
| | CAB Judge |
| Plaintiff, | |
| | Certificate of Service for Motion to Reinstate |
| vs. | and Certificate of Service for Accompanying |
| | Documents to Motion to Reinstate |
| Mars, Inc, et. al. | |
| Defendant(s). | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February 2023, a true and correct copy of the foregoing was served on Defendants through prepaid postage within First Class Mail in custodial control of United States Post Office to the following address

Grant F. Reid                                      Nangang District, Taipei City, Taiwan

Mars, Inc. (Headquarters)                 11501,

6885 Elm Street                                 China

Defendant(s)                                       Defendant

Mars, Inc.,

15F., No. 19-11, Sanchong Road



CaseFileXpress
Welcome Wise Allen | Selected Location
Notifications Showing 4 of 4 | View All Notifications
Date
Description
3/2/2022 6:39:00 PM ET
2022 CA 000820 B
ED301J002524256
Accepted
eFiling
2/25/2022 4:57:00 PM ET
2022 CA 000820 B
ED301J002519473
Accepted
eOrder
2/18/2022 4:23:00 AM ET
N/A
ED301J002512213
Rejected
View Clerk Comments
eFiling
2/18/2022 1:38:00 AM ET
2022 CA 000820 B
ED301J002512206
Accepted
eFiling
Notification Type
Drafts Showing 1 of 1 | View All Drafts
Delete
Name
Complaint Summons
Date
3/1/2022 5:58:00 PM ET
Cases Showing 4 of 4 | View All Cases
Add New Filing (Case: 2022 CA 000820 B) Children Rights and Trade Secrets
Document Type
Status
Action
Clerk Comments
Trace Number
Case Number
File Type
Submit Date
Clerk Proc Date
Attorney
8 Alias Summons
Accepted
ED301J002524256
2022 CA 000820 B
eFiling
3/2/2022 6:38:02 PM ET
3/3/2022 11:28:34 AM ET
Wise Allen
Complaint packe...
Accepted
ED301J002519473
2022 CA 000820 B
eOrder
2/25/2022 4:56:44 PM ET
2/25/2022 4:56:45 PM ET
Clerk of the Court CAB Judge
Civil Actions C...
Accepted
ED301J002512206
2022 CA 000820 B
eFiling
2/18/2022 1:35:04 AM ET
2/25/2022 3:29:31 PM ET
Wise Allen
Add New Filing (Case: 2022 CA 000820 B) Children Rights and Trade Secrets
(Case: N/A) Children Rights and Trade Secrets for ED301J00251...
Add New Filing (Case: 2022 CA 000820 B) Children Rights and Trade Secrets
Account Settings
Links
Reports View All
Batch Filing Templates
© 2003 - 2023 CaseFileXpress V(2.0.0.1)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Wise David Allen (DC 492427)
Attorney at Law
8300 Greensboro Drive, L1-139
McLean, Virginia 22102
Wise David Allen, Esq.

1  Division, informed this undersigned attorney that due to COVID – 19  (CV-19), the case will not

2  likely document for 1 year.

3

4  ¶4      On February 06, 2023, through a telephone conversation with the office of the Clerk of

5  the Superior Court, Civil Division, Plaintiff was informed that a Writ of Summons was issued

6  and a hearing was set in May 2022.  The office of the Clerk at first stated no person appeared and

7  then modified the statement to the effect that the office was uncertain if anyone appeared before

8  the Court. The undersigned counsel informed the office of the Clerk to the Court that no

9  notification was provided to this counsel for the Plaintiff and no issuance of the Writ of

10  Summons was noted in the electronic filing files.   The undersigned counsel informed the office

11  of the Clerk that the underlying counsel checked the casefileexpress periodically during the year

12  and saw the application of Writ of Summons was accepted without being acted upon by the

13  Court.  As indicated in Exhibit 1 that was photocopied from casefileexpress by a cell phone in

14  possession of the undersigned counsel on February 21, 2023, no notice of writ of summons being

15  issued by the Clerk of Court and no notice of scheduling were given to the undersigned counsel

16  for the Plaintiff.   The undersigned counsel checked the electronic filing periodically and  post

17  the date of May 2022.  The office of the Clerk of the Court informed the Counsel the Complaint

18  was dismissed without prejudice and to file a motion to reopen.

19

20

21

22

23

24

25
                                        Duly Attested and Subscribed
                                        Dated this 20th day of February, 2023

1    Wise David Allen, Esq.
     Attorney at Law (DC 492427)
2    8300 Greensboro Drive, L1-139
     McLean, Virginia 22102
3
     Attorney for Plaintiff
4

5

6                    SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

7                                    Civil Division

8

9
                                              Case No.: 2022 CA 000820B
10   Desharne Wooderts                        CAB Judge

11                  Plaintiff,                Accompanying Documents to Motion to

12          vs.                               Reinstate

13   Mars, Inc,  et. al.

14                  Defendant(s).

15

16   ¶2.  That I, Wise David Allen, Esq., as Attorney for the Plaintiff attests that to the best of the

17   knowledge of the undersigned the below aver statements and factual information are true as set

18   forth below:

19

20   ¶3.     On February 18, 2022, Plaintiff, through undersigned counsel, filed the underlying

21   complaint within the Superior Court of District of Columbia, Civil Division, which was

22   forwarded to in-house counsel of the Defendant.  Subsequent to the filing of the Complaint, an

23   application of the Writ of Summons as instructed by rules and oral conversations with the clerk

24   of the Superior Court of District Columbia.  The Clerk of the Superior Court of District, Civil

25

                     Patent Designs by American Children and the Rights of Children - 3/9

Dated this 20th day of February, 2023

_____

8300 Greensboro Drive, L1-139
McLean, Virginia 22102
Wise David Allen, Esq.

//
//
//

1  Wise David Allen, Esq.
   8300 Greensboro Drive, L1-139
2  McLean, Virginia 22102

3  Attorney for Plaintiff

4

5              **SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

6                            Civil Division

7

8
                                    | Case No.: 2022 CA 000820B
9  Desharne Wooderts                | CAB Judge

10           Plaintiff,             | Motion to Reinstate and Grounds and Relief
                                    | Sought
11      vs.

12  Mars, Inc, et. al.

13           Defendant(s).

14

15  ¶1. Civil Procedure Rule 7 for the Superior Court of District of Columbia is the legal grounds

16  for the relief to support this Motion to Reinstate the Complaint.  The factual grounds to support

17  the Motion to Reinstate the Complaint, the counsel of the Plaintiff didn't receive notice that a)

18  Writ of Summons upon the Complaint was issued and b) a hearing was scheduled upon the day

19  the Complaint was dismissed without prejudice; otherwise, Plaintiff, through Counsel, would

20  have made the appearance if Plaintiff had been given actual notice of date, time, and location of

21  the hearing, and, Plaintiff would have to determine if the Court served the defendants the Writ of

22  Summons with the accompanied filed Complaint or Plaintiff, through Counsel, would have to

23  serve the defendants the Writ of Summons with the accompanied filed Complaint.  Attached to

24  this Motion to Reinstate is the Accompanying Documents requested by Civil Procedure Rule 27.

25

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

WOODERTS DESHARNE,

*Plaintiff,*

v.

MARS, INC., *ET AL.*,

*Defendants.*

Case No. 2022 CA 000820 B
Judge Robert R. Rigsby

**ORDER**

Before the Court is Plaintiff's *Motion to Reinstate*, filed February 21, 2023. Based on the motion and entire record herein, and for the reasons set forth below, the motion is **DENIED**.

Plaintiff's case was dismissed without prejudice on May 27, 2022. Plaintiff requests that the Court reinstate the case pursuant to Rule 41. Pursuant to Rule 41, the Court's dismissal order "must be vacated upon the granting of a motion filed by the plaintiff within the 14-day period showing good cause why the case should not be dismissed." D.C. Super. Ct. R. 41(c). Plaintiff's *Motion* was filed on February 21, 2023, nearly 10 months after the dismissal. As such, the Court finds that Plaintiff's *Motion* is untimely pursuant to Rule 41.

Accordingly, and based on the entire record herein, it is this the 22nd day of March, 2023 hereby

**ORDERED** that Plaintiff's *Motion to Reinstate* is **DENIED**.

**SO ORDERED.**

_____
Robert R. Rigsby, Associate Judge
Superior Court of the District of Columbia

Copies to Counsel of Record via Odyssey

efiled
04/13/2023 14:35 AM
Superior Court
of the District of Columbia

**Form 1. Notice of Appeal Tax, Civil, Family Court - (Except Juvenile Cases), and Probate**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## NOTICE OF APPEAL (_____CROSS APPEAL)
## TAX, CIVIL, FAMILY COURT - (EXCEPT JUVENILE CASES), AND
## PROBATE

Superior Court Case Caption: <u>Wooderts vs Mars, Inc. et. al.</u>

Superior Court Case No.: <u>2002 CA 000820B</u>

**A.**   Notice is given that (person appealing) <u>Plantiff Wooderts</u>   is
appealing an order/judgment from the:

   ⬚ Tax Division      ☑ Civil Division      ⬚ Family Court      ⬚ Probate Division

1. Date of entry of judgment or order appealed from (if more than one judgment or order appealed, list all):
   <u>March 22, 2023</u>

2. Filing date of any post-judgment motion: _____

3. Date of entry of post-judgment order: _____

4. Superior Court Judge: <u>Robert Ray Rigsby (Husband of Court of Appeals Blackburne-Rigsby)</u>

5. Is the order final (*i.e.*, disposes of all claims and has been entered by a Superior Court Judge, not a Magistrate Judge)?      ☑ YES      ⬚ NO

   If no, state the basis for jurisdiction: _____

   Has there been any other notice of appeal filed in this case:      ⬚ YES ☑ NO

   If so, list the other appeal numbers: _____

6. If this case was consolidated with another case in this court, list the parties' names and the Superior Court case number: _____

**B.**   Type of Case:   ⬚ Civil I      ☑ Civil II      ⬚ Landlord and Tenant      ⬚ Neglect

   ⬚ Termination of Parental Rights      ⬚ Adoption      ⬚ Guardianship      ⬚ Mental Health

   ⬚ Probate      ⬚ Intervention      ⬚ Domestic Relations      ⬚ Mental Retardation

   ⬚ Paternity & Child Support      ☑ Other: <u>Trade Secret/Patent (Appeal on Denial of Reinstatement)</u>

**C.**   Indicate Status of Case:      ⬚ Paid      ⬚ In Forma Pauperis      ⬚ CCAN

   Was counsel appointed in the trial court?      ⬚ YES ☑ NO

**(COMPLETE REVERSE SIDE)**

Revised 11/09

**D.** Provide the names, addresses, and telephone numbers of all parties to be served. For persons represented by counsel, identify counsel and whom the counsel represents. For each person, state whether the person was a plaintiff or defendant in the Superior Court. *Attach additional pages if necessary.

| Name | Address | Party Status (Plaintiff, Defendant) | Telephone No. |
|------|---------|-------------------------------------|---------------|
| Attached | Additional Pages | All Defendants | Unknown |
|  |  |  |  |
|  |  |  |  |

**E.** Identify the portions of the transcript needed for appeal, including the date of the proceeding, the name of the Court Reporter (or state that the matter was recorded on tape if no Court Reporter was present), the courtroom number where the proceeding was held, and the date the transcript was ordered, or a motion was filed for preparation of the transcript. *Attach additional pages if needed.

| Date of Proceeding/Portion | Reporter/Courtroom No. | Date ordered |
|----------------------------|------------------------|--------------|
| Motion to Reinstate Complaint | 320 | 03/22/2023 |
| Dismissal of Complaint | 320 | 05/27/2023 |
|  |  |  |

☐ **Check this box if no transcript is needed for this appeal.**

**F.** Person filing appeal:

☐ Plaintiff Pro Se ☐ Defendant Pro Se

☐ Third Party/Intervenor ☑ Counsel for Plaintiff

☐ Counsel for Defendant

**ATTACH A COPY OF THE ORDER, JUDGMENT OR DOCKET ENTRY FROM WHICH THIS APPEAL IS TAKEN**

| Wise D Allen, Esquire | | 492427 |
|---|---|---|
| Print Name of Appellant/Attorney | Signature | Bar No. |

| 8300 Greensboro Drive L1-139, McLean, Va 22102 | 202-253-7804 |
|---|---|
| Address | Telephone Number |

*Appellant is responsible for ordering and paying the fee for transcript(s) in the Court Reporting and Recording Division, Room 5500. If appellant has been granted In Forma Pauperis status, or had an attorney appointed by the Family Court, *and* transcript is needed for this appeal, appellant must file a Motion for Transcript in Court Reporting and Recording Division, Room 5500. That office number is (202) 879-1009. If that motion is granted, transcript will be prepared at no cost to appellant.

2./8

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
Civil Division

WOODERTS DESHARNE,

      *Plaintiff,*

      v.

MARS, INC., *ET AL.,*

      *Defendants.*

Case No. 2022 CA 000820 B
Judge Robert R. Rigsby

## ORDER

Before the Court is Plaintiff's *Motion to Reinstate*, filed February 21, 2023. Based on the motion and entire record herein, and for the reasons set forth below, the motion is **DENIED**.

Plaintiff's case was dismissed without prejudice on May 27, 2022. Plaintiff requests that the Court reinstate the case pursuant to Rule 41. Pursuant to Rule 41, the Court's dismissal order "must be vacated upon the granting of a motion filed by the plaintiff within the 14-day period showing good cause why the case should not be dismissed." D.C. Super. Ct. R. 41(c). Plaintiff's *Motion* was filed on February 21, 2023, nearly 10 months after the dismissal. As such, the Court finds that Plaintiff's *Motion* is untimely pursuant to Rule 41.

Accordingly, and based on the entire record herein, it is this the 22nd day of March, 2023 hereby

**ORDERED** that Plaintiff's *Motion to Reinstate* is **DENIED**.

**SO ORDERED.**

_____
Robert R. Rigsby, Associate Judge
Superior Court of the District of Columbia

Notice of Appeal
Pg 3/8

Copies to Counsel of Record via Odyssey

Notice of Appeal pg 4/6

Filed
D.C. Superior Court
02/28/2022 06:55PM
Clerk of the Court

1 | Wise David Allen
  | 8300 Greensboro Drive, L1-139
2 | McLean, Virginia 22102
  | Bar ID: DC 492427
3 |
  | Attorney for Plaintiff
4 |

5 |

6 | ### SUPERIOR COURT OF DISTRICT OF COLUMBIA

7 | ### CIVIL DIVISION

8 |
  |                                    File No.:  **2022 CA 000820 B**
9 | DeSharne Wooderts,

10 | 5900 S 145 Apt 4207

11 | Wilmer, Texas 75172

12 |          Plaintiff,

13 |

14 |     vs.                            **Complaint**
                                        (Rights for Children and Trade Secrets)
15 |

16 | Grant F. Reid

17 | Mars, Inc. (Headquarters)

18 | 6885 Elm Street

19 | McLean Virginia 22101, USA

20 | Defendant

21 |

22 |

23 |

24 |

25 |

Notice of Appeal
pg 5/8

1  Mars, Inc,

2  15F., No.19-11, Sanchong Road,

3  Nangang District, Taipei City, Taiwan 11501,

4  China

5  Defendant

6

7  Pacific Marks Esaka, 12F, 9-1 Toyotsuchou,

8  Suita-shi, Osaka, 530-0000 Japan,

9  Defendant

10

11  Andrew Clarke

12  Mars Wrigley

13  800 High Street

14  Hackettstown, NJ 07840

15  Defendant

16

17  Fiona Dawson

18  Mars Food

19  1131 W. Blackhawk

20  Chicago, Ill 60642

21  Defendant

22

23

24

25

Notice of Appeal
Pg 6/8

1  Martin Radvan

2  Mars Wrigley Confectionery Us, LLC

3  800 High Street

4  Hackettstown, NJ, 07840-1552

5  Defendant

6

7  Felix Hofle

8  (dba) Monchengladbach HRB 17893,

9  Mars Confectionery Supply GmbH,

10 Industriering 17, 41751 Viersen, Germany

11 Defendant

12

13 Wm. Wrigley Jr.

14 Starburst Duos

15 Corporation Delaware

16 1132 Blackhawk Street

17 Chicago, Ill 60642

18 Defendant

19

20 Jay Burgett

21 Starburst Duos

22 Corporation Delaware

23 1132 Blackhawk Street

24 Chicago, Ill 60642

25

Notice Of Appeal
Pg 7/8

&

John Doe(s) and Jane Doe(s)

Addresses Unknown

Defendant(s)

Individually, Jointly, and Severally as

Defendant(s).

## COMPLAINT FOR LEGAL, EQUITABLE RELIEF AND OTHER EQUITABLE RELIEF

### BRIEF BACKGROUND

1¶  Essentially this controversy is about whether this court protects a 11 years-old American child from abduction of design(s), description(s), and idea(s) of Trade Secrets and Property by an international and national companies within multiple location. This filing is intended to commence the process to protect the rights of children, including the Plaintiff Ms. Wooderts, and, as the United States Patent and Trademark office examines the design for a Patent Application # 29/790,965, Confirmation #1360, and Patent center #60459778, and, the state rights of this Plaintiff, whom was 11 year-old-child that designed a new candy, now called Starburst Duos, dba as Starburst and Mars, Inc.

Notice of Appeal
Pg 8/8

eFiled
04/16/2023 5:37:24 PM
Superior Court
of the District of Columbia

Wise David Allen, Esq.
8300 Greensboro Drive, L1-139
McLean, Virginia 22102
WiseAllen@gmail.com

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

Desharne Wooderts

      Plaintiff,

    vs.

Mars, Inc  et. al.

      Defendant(s).

Case No.: 2022 CA 000820B

**Response to Notice of Non Compliance Superior Court Civil Rule 11(a)**

Judge: Rigsby
Courtroom 320

¶ 1. Attorney for the Plaintiff responds to Notice of Non Compliance Rule 11(a) issued by the court on 02/25/2022 (herein, "the relevant Notice").

¶ 2,  The undersigned attorney brings to the attention of this court that the agent(s) of this Court possess a **timely filed complaint <u>with the signature of this undersigned attorney</u>**[1] and the agent of the Court decided not to give this Court that complaint with the signature of this undersigned attorney.  The agent(s) of this Court possessed a timely filed complaint <u>with the signature of this undersigned attorney</u> and the agent of the Court decided not to give this Court that complaint with the signature of this undersigned attorney.  A double filing had occurred.

---

[1] This undersigned attorney does possess superpower, but this undersigned attorney is not authorized to use that superpower to "float" the timely filed signed complaint from the desk of the agent of the Superior Court of District of Columbia into the hands of Your Honor.

1   The mixed filings were due to the CaseFileExpress Uploader not accepting the filing of the

2   intended complaint with Plaintiff and the signature of the undersigned attorney and the novelty in

3   the use of the electronic filings by the undersigned attorney.  In fact, the actual final complaint

4   signed by Plaintiff and the undersigned attorney for the Plaintiff was never excepted by the

5   loader within the CaseFileExpress, but ultimately the two drafts, which one had the undersigned

6   attorney electronic signature, were accepted and filed timely into this Superior Court. This

7   undersigned attorney had to wait until the next working day to obtain the verbal confirmation

8   from agents to the Superior Court had received any of the filings.  Therefore, the agents of this

9   Court possess a timely filed complaint with the signature of this undersigned attorney, but the

10  agent(s) of the Court decided not to give this Court that timely complaint within the agents of

11  Superior Court.

12

13                              **POINTS AND AUTHORITIES**

14  ¶ 3.  Notice by this Court dated 02/25/2022, (herein, "the relevant Notice")

15  ¶ 4. Rule 5

16

17                                      **FACTS**

18  ¶ 4.  The undersigned attorney never used this electronic system prior to the filings of the

19  complaints at issue and always had walked into a courthouse for filing documents.  With these

20  two facts in mind, the difficulties incurred with the electronic filing system caused the

21  undersigned attorney to take extra steps and diligence to assure the complaint was filed.  The

22  undersigned attorney filed the documents until this undersigned attorney knew that a complaint

23  had actually been filed and accepted inside the CaseFileExpress to protect the Client from a

24  tolling of statute of limitation issue.  The undersigned attorney had uploading electronic issues

25  that would not allow the complaint with both Plaintiff and Attorney signature to be filed within

the court; however, apparently the undersigned attorney was successful in filing two drafted

complaints. The very next working day, the agent of the court received the telephone call from

the undersigned attorney and noted two of the complaints had been registered as filed. In

actuality, the court received a filed complaint with the undersigned attorney' signature (different

draft) and the court received another complaint without the undersigned attorney' signature

(different draft). The exhibits are the originally signed by Plaintiff and undersigned Attorney on

17th of February, 2022.  Exhibit (1), with the undersigned attorney signature, was one of the two

complaints flied by the CaseFileExpress, but Exhibit (2), with the signature of the Plaintiff, was

never accepted by the CaseFileExpress, consequently, never submitted to this court.  Exhibit (3)

is a current Print Screen Image of CaseFileXpress, whom is a company acting as an agent or

independent contractor of Superior Court of District of Columbia  and/or Your Court, and, the

Print Screen Image shows the filing of both Complaints within the statute of limitation on the

date of  2/18/2022 inside the CaseFileExpress system where one of the drafted complaints in full

compliance of Civil Procedure Rule 11.  The agent of the court acknowledged both complaints

were indeed filed within the Superior Court of District of Columbia and one will be stamped as

accepted with the other being rejected with the answer to my question regarding a writ of

summons for the complaint for service of process.   The agent of the Superior Court

acknowledged that the relevant time frame that undersigned attorney filed the complaints that the

system had some issues.  Under the circumstance, the agent understood the issue, rejected the

need for me to come to the court to the complete the filing, and accepted the filed pleading as

signed.  Again the agent of the Superior Court remarked the efiling had some difficulties during

the period of time of filing and the understood the importance of statute of limitations to the

cause of action of this complaint.

## TIMELINESS

¶ 5. The issue of timeliness in responding to the relevant Order is very simply that neither the undersigned attorney nor the Plaintiff has ever received any document, including any notice from this Court about the filed Complaints near the time of filing; We simply didn't know that the order existed or even the case was docketed. To this day, neither the undersigned attorney nor the Plaintiff has ever received any document from this Court through the institutional normality of service to parties by either efiling system or by regular mail from the United States Post Office.

¶ 6. As this undersigned attorney understands the circumstance, unbeknownst to the Court, the undersigned attorney or the Plaintiff never received anything from the court by efiling or the like institutional electronic efiling system or by normal legal process by mail delivered by the world recognized United States Postal Service, which includes not receiving this relevant notice, docketing the case, Complaint Package eServed to Filer, Summons, Writ of Summons (stated by a clerk), Initial Scheduling Conference-60, Order Dismissing the Complaint, the Order Denying the Complaint or any unknown document floating in the abyss. According to a Law Clerk of your Honor, a list of documents had been mailed out to the undersigned attorney at an address that isn't listed on the pleadings and to a place that undersigned attorney doesn't possess.

¶ 7. Moreover, this attorney notices that the address used by this court remains inaccurately labeled as an address within the state of Maryland and not stating the accurate address in the state of Virginia, which is in every single pleading. The undersigned attorney doesn't know who possesses the address within the state of Maryland. The address of the undersigned attorney is at the address of the pleadings, which is well known by the federal government of United

1    States and listed in other governments outside of United States as the address of the undersigned

2    attorney as well as the individuals that read the pleadings.

3

4    ¶ 8. All the licenses maintained, including District of Columbia, by the undersigned attorney

5    and the pleadings of this case reflect, the address in Fairfax County, (McLean) Virginia and does

6    not reflect an inaccurate address in Prince George County, Maryland. In fact, the Superior Court

7    of District of Columbia should have received "actual notice" from the federal government of

8    United States. Under the Domestic Mail Manual, 507 Mailer Services, United States Postal

9    Service, United States of America **if** a Superior Court mailed any document to Prince George

10   County, Maryland addressed to the undersigned attorney, United States Postal Service should

11   have rejected the mailings as **Inform the Sender that the Address is Incorrect** or Mail is

12   Undeliverable or **Attempted – Not Known** by returning each document back to this Court

13   within the Superior Court, District of Colombia; thereby, the action of United States Postal

14   Service should have supplied **actual notice** to the Superior Court of District of Columbia that the

15   mailing to the undersigned attorney is an inaccurate address. (Domestic Mail Manual; United

16   States Postal Service at https://pe.usps.com/DMM300 and at Section 1.1 located at

17   https://pe.usps.com/text/dmm300/507.htm#a_1_4 ). Where are the notices from United States

18   Postal Service? Is the person at the mailed address assuming the of name of the undersigned

19   individual? Was it actually given to United States Postal Service or any efiling system?

20

21   ¶ 9. All mail received by the undersigned attorney in Virginia are received by individuals with a

22   certification recognized by the United States of America and other countries.   The Virginia

23   address is listed in the pleadings.   The undersigned license has only one mailing address in the

24   LOCAL AREA and that address is in Virginia and the has one home of record. As of the 13th of

25   April 2023, the Odyssey account of the undersigned attorney reflects that this Court failed to

1   provide any documentation to this undersigned attorney ant any time.  No mail was ever sent to

2   the address of pleading records to the Virginia.[2]  Neither the undersigned attorney nor any agent,

3   constructive or otherwise, has ever received one documentation from this Court at any relevant

4   time frame.

5

6                                                   **DEFENDANTS**

7   ¶ 9.  Defendant Mars, Inc. for the Defendants have not retracted their decision for "no-contact"

8   conversation.

9

10                                                  **CONCLUSION**

11   ¶ 10. The reasons that the undersigned attorney never received any document is a) nothing was

12   mailed to the undersigned attorney by any agent of the Court and b) around the date of the

13   original filing,  the agent of the Superior Court stated that the court "will not likely become

14   docketed for about a year due to COVID-19" (CV-19) or words to that effect, and, at a later date,

15   the agent of Superior Court by public announcement added the new electronic transformation

16   process would further delay the docketing.  Besides this attorney and Plaintiff had not every

17   received any documentation from your court, Your Honor, the <u>due diligence of this attorney</u> is

18   the only reason this undersigned attorney discovered any action conducted by this Court.

19

20

21

22   ――――――――――――――――――

    [2] Although the undersigned attorney has special abilities, the undersigned attorney isn't authorized to type in his
23
    address into your system for this Court or hand you the timely filed complaint from the office of the Clerk, whom
24
    has acknowledged that the Virginia address is on the pleadings, which is an agent of this Court and not agent of the
25
    undersigned Attorney

Response to Notice of Non Compliance                              Judge Rigsby
Courtroom 320                                                 Case No.: 2022 CA 000820B

RELIEF REQUESTED[3]

¶ 11.  The undersigned attorney requests this Court accepts Exhibit 1 as part of the originally

stamped complaint and/or withdraw the Notice of Non-Compliance or in the alternative as

amended to this complaint as a resolution.

Dated this 16th day of April, 2023

X _____

W. D. Allen, Bar # DC 492427
Attorney at Law
8300 Greensboro Drive, L1-139
McLean, Virginia 22102
Wise David Allen, Esq.
WiseAllen@gmail.com

---

[3] If this court or any agent find the actions against this undersigned attorney were **personal in nature**, this undersigned attorney requests that and relevant information is preserved.  The request is based on past history of the other courts within District of Columbia and other areas.  With that being written, this undersigned attorney had initiated removal of formerly confirmed individuals within our federal government that had been approved by our Congress. This undersigned attorney, is a claimant, as understand the circumstance one of the few remaining claimants, of the reward money Osama bin Laden, and is forced to live through charities of others to sustain himself that is directly related an immoral and inaccurate decisions of other courts within the Courts of District of Columbia. This undersigned attorney has a factual predicated of a violation of RICO action against the head of the Franchise Tax Board, California under former governors Jerry Brown and Arnold Schwarzenegger concerning relevant years post 9/11/01 and pre-date the decision by former president to terminate Osama bin Laden. The predicate information was supplied by agents within the Franchise Tax Board, California and a member of the Air Force, United States of America, Internal Revenue Services; however, each agent and the undersigned attorney have expressed perplexity by why such a conduct has been taken against me. Agents revealed there is no factual basis from the treatment that I am receiving and the unconscionable behavior inside our legal field, my Home State of Record, and our country.  I, the undersigned attorney, agree with these state and federal agents that an undisclosed and unknown motive is at the heart of the total circumstance; therefore, if any motive was more than an honest mistake, I need that information preserved.

Response to Notice of Non Compliance
Courtroom 320

Judge Rigsby
Case No.: 2022 CA 000820B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 1

Filed 2/18/2022
4:23:00

Dated this 17th day of February, 2022

By: /s/ Wise David Allen

Wise David Allen

8300 Greensboro Drive, L1-139

McLean, Virginia 22102

Bar ID: DC 492427

Plaintiff DeShame Wooderts

30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Exhibit 2

Dated this 17th day of February, 2022

<div style="text-align:right">

By:

_____
Wise David Allen


8300 Greensboro Drive, L1-139

McLean, Virginia 22102


Bar ID: DC 492427




*De'Sharne Wooderts*

_____
Plaintiff DeSharne Wooderts

</div>

30

1

2

Exhibit 3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Response to Notice of Non Compliance
Courtroom 320

Judge Rigsby
Case No.: 2022 CA 000820B





**District of Columbia**
**Court of Appeals**

**No. 23-CV-305**

DESHARNE WOODERTS,
                    Appellant,

        v.                                                    **2022-CA-000820-B**

MARS, INC., *et al.*,
                    Appellees.

## O R D E R

On consideration of the notice of appeal and this court's May 2, 2023, order, it has been determined that this case is not appropriate for appellate mediation, it is

ORDERED that appellant shall, within 20 days from the date of this order, complete and file with this court a single copy of the statement regarding transcripts available for completion online. Where transcript(s) necessary for this appeal have been ordered and completed for non-appeal purposes, appellant must advise the Court Reporting and Recording Division to forward said transcript(s) for inclusion in the record on appeal. If partial transcript(s) are being ordered, appellant must file a statement of issues to be presented before this court within 10 days from the date of this order. *See* D.C. App. R. 10(b)(3)(A). It is

FURTHER ORDERED that appellant's failure to respond to any order of this court shall subject this appeal to dismissal without further notice for lack of prosecution. *See* D.C. App. R. 13(a).

FOR THE COURT:

*Julio A. Castillo*

JULIO A. CASTILLO
Clerk of the Court

**No. 23-CV-305**

Copies e-served to:

Wise David Allen, Esquire

David Barger, Esquire

Copies mailed to:

Director, Court Reporting and Recording

Branch Chief, Civil Actions

Martin Radvan
800 High Street
Hackettstown, NJ 07840

William Wrigley, Jr.
1132 Blackhawk Street
Chicago, IL 60642

Jay Burgett
1132 Blackhawk Street
Chicago, IL 60642

Grant Reid
6885 Elm Street
McLean, VA 22101

Andrew Clarke
800 High Street
Hackettstown, NJ 07840

Felix Hofle
Industriering 17, 41751 Viersen
Germany

**No. 23-CV-305**

Copy mailed to parties

Fiona Dawson
1131 W. Blackhawk
Chicago, IL 60642

elp/mr



**Superior Court of the District of Columbia**
Civil Actions
**500 Indiana Avenue, NW, Washington, D.C. 20001**
**(202) 879-1010 | https://www.dccourts.gov**

================================================================

### APPEAL INDEX

================================================================

**Division/Branch/Office:** Civil Actions
**Superior Court Case Number:** 2022-CA-000820-B
**Superior Court Case Style:** WOODERTS, DESHARNE  Vs.  MARS, INC et al

**NOTE:** *The Court of Appeal's case information (Case Style and Appeal Case Number) is available on the Appeal Certification form which follows the Appeal Index.*

| Document Name | Filed Date | Vol. # | Page # |
|---|---|---|---|
| **Appeal Certification** | 08/09/2023 | 1 | 1 - 1 |
| **Case Summary** | 08/09/2023 | 1 | 2 - 4 |



**Superior Court of the District of Columbia**
**Civil Division**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | dccourts.gov**

================================================================

## APPEAL CERTIFICATION

================================================================

### SUPERIOR COURT INFORMATION

| | |
|---|---|
| Division/Branch/Office: | Civil Division Civil Actions Branch |
| Case Number: | 2022-CA-000820-B |
| Case Style: | WOODERTS, DESHARNE   Vs.  MARS, INC et al |

### COURT OF APPEALS INFORMATION

| | |
|---|---|
| Case Number: | 23-CV-305 |
| Case Style: | WOODERTS, DESHARNE Vs. MARS, INC et al |

It is hereby certified that the following pages are a true and correct transcript of the record.

WITNESS my hand and seal of the Superior Court of the District of Columbia on   08/09/2023   .

**Clerk of the Superior Court**

**By:**          Damaris Arroyo-Brown
                Deputy Clerk/Program Analyst

Page 1 of 1

CASE SUMMARY

# CASE SUMMARY

## CASE NO. 2022-CA-000820-B

| | | |
|---|---|---|
| **WOODERTS, DESHARNE  Vs.  MARS, INC et al** | § § § § § | Location: **Civil Actions** |
| | | Judicial Officer: **Rigsby, Robert R** |
| | | Filed on: **02/18/2022** |
| | | Appeal Case Number: **23-CV-0305** |

---

### CASE INFORMATION

| | |
|---|---|
| **Cause of Action** | Case Type: **Civil II** |
| Complaint for Declaratory | Subtype: **Complaint for Declaratory** |
| Judgment Filed | **Judgment Filed** |

**Description/Remedy**
Action
Complaint for Declaratory Judgment Filed

**Statistical Closures**
05/27/2022      Dismissed-Order Dism/Want of Prosec w/o Prejudice

Case Status: **05/27/2022   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2022-CA-000820-B |
| Court | Civil Actions |
| Date Assigned | 02/18/2022 |
| Judicial Officer | Rigsby, Robert R |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Plaintiff** | **Wooderts, Desharne** | **Allen, Wise D** |
| | | *Retained* |
| | | 202-253-7804(H) |
| **Defendant** | **Doe, Jane1** | |
| | **Doe, Jane2** | |
| | **Mars Food** | |
| | **Mars Wrigley** | |
| | **Mars Wrigley Confectionery Us, LLC** | |
| | **Mars, Inc** | |
| | **Monchengladbach Hrb Mars Conf Supply Gmbh** | |
| | **Pacific Marks Esaka** | |
| | **Starburst Duos** | |
| | **Starburst Duos Tm** | |
| | **Wrigley Starburst** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

## EVENTS

08/09/2023     📄 Initial Order Non-Criminal from DCCA

04/16/2023     📄 Reply Filed
                    *Response to Notice of Non-Compliance*
                    Docketed on: 04/18/2023
                    Filed by:  Plaintiff  Wooderts, Desharne

# CASE SUMMARY
### CASE NO. 2022-CA-000820-B

| | |
|---|---|
| 04/13/2023 | Notice of Appeal (Public) Processed and Forwarded to DCCA<br>*c0135a63-502d-4e76-9169-91737368bbee* |
| 04/13/2023 | Notice of Appeal Filed<br>*DCCA Appeal Number: 23-CV-305*<br>*Docketed on: 04/13/2023*<br>*Filed by:  Plaintiff  Wooderts, Desharne* |
| 04/10/2023 | Notice |
| 03/22/2023 | Notice |
| 03/22/2023 | Order Denying (Judicial Officer: Rigsby, Robert R )<br>*Signed on: 03/22/2023* |
| 02/21/2023 | Motion Filed<br>*Motion to Reinstate with Accompanying Documents*<br>*Docketed on: 02/22/2023*<br>*Filed by:  Plaintiff  Wooderts, Desharne* |
| 05/27/2022 | Order Dismissing for Want of Prosec w/o prej Entered on Dkt<br>*Order Dismissing for Want of Prosecution without prejudice Entered on Docket* |
| 05/27/2022 | Event Resulted:<br>*Event Resulted:*<br>*The following event: Initial Scheduling Conference-60 scheduled for 05/27/2022 at 10:00 am*<br>*has been resulted as follows:*<br><br>*Result: Scheduling Conference Hearing Held. CourtSmart. Hearing held virtually. No parties*<br>*present. Order dismissing case for want of prosecution signed and filed. Copies mailed/e-filed.*<br><br>*Judge: RIGSBY, ROBERT R Location: Courtroom 320 (Virtual)* |
| 03/02/2022 | 8 Alias Summons $80.00 Requested as to:<br>*8 Alias Summons Filed. Submitted 03/02/2022 18:38PM. PD*<br>*Attorney: ALLEN, WISE D (492427)*<br>*DESHARNE WOODERTS (Plaintiff); Receipt: 488968 Date: 03/03/2022* |
| 02/25/2022 | Complaint Package eServed<br>*Complaint Package eServed to Filer* |
| 02/25/2022 | Notice Pursuant to Sup. Ct. Civ. R. 11(a), issued to:<br>*Notice Pursuant to Sup. Ct. Civ. R. 11(a), issued to:*<br><br>*Notice of Non Compliance Rule 11(a)*<br>*Sent on: 02/25/2022 16:24:46.73* |
| 02/25/2022 | Initial Order and Addendum Issued (60 Days)<br>*Initial Order and Addendum Issued (60 Days)*<br><br>*Initial Order-60 Days*<br>*Sent on: 02/25/2022 15:29:42.85* |
| 02/25/2022 | Event Scheduled<br>*Event Scheduled*<br>*Event: Initial Scheduling Conference-60*<br>*Date: 05/27/2022 Time: 10:00 am*<br>*Judge: RIGSBY, ROBERT R Location: Courtroom 320* |
| 02/18/2022 | eComplaint Filed<br>*eComplaint Filed. Submitted 02/18/2022 01:35. ajm*<br>*(NO SUMMONS OR INFORMATION SHEET INCLUDED WITH THIS FILING)*<br>*Attorney: ALLEN, WISE D (492427)*<br>*DESHARNE WOODERTS (Plaintiff);* |
| 02/18/2022 | Complaint for Declaratory Judgment Filed<br>*Complaint for Declaratory Judgment Filed Receipt: 488595 Date: 02/25/2022* |

*Printed on 08/09/2023 at 9:01 AM*

CASE SUMMARY
CASE SUMMARY
CASE NO. 2022-CA-000820-B

| | **HEARINGS** |
|---|---|
| 05/27/2022 | **Initial Scheduling Conference-60** (10:00 AM)  (Judicial Officer: Rigsby, Robert R) |
| | *Scheduling Conference Hearing Held* |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff**  Wooderts, Desharne
Total Charges                                                                320.00
Total Payments and Credits                                                   320.00
**Balance Due as of  08/09/2023**                                            **0.00**

# District of Columbia
# Court of Appeals

**No. 23-CV-0305**

DESHARNE WOODERTS,
           Appellant,

    v.                                       **2022-CA-000820-B**

MARS, INC., *et al.*,
           Appellees.

BEFORE:   HOWARD and SHANKER, *Associate Judges*, and WASHINGTON, *Senior Judge*.

## JUDGMENT

On consideration of appellant's brief, appellee Mars, Inc.'s brief, appellant's reply brief, and the record on appeal, it appears that, in an order dated May 31, 2022, the trial court dismissed appellant's complaint without prejudice for want of prosecution after all parties failed to appear at an initial scheduling/status conference. The order, citing Super. Ct. Civ. R. 41(b), stated that the dismissal would not take effect for 14 days and would be vacated if appellant filed a motion within that 14-day period showing good cause why the case should not be dismissed. On February 21, 2023, appellant moved to reinstate the complaint, attaching an affidavit from her attorney alleging, inter alia, that no notice of the summons for the May 2022 hearing had been provided and that he had learned of the subsequent dismissal during a phone call with Superior Court clerical staff (with whom he had been communicating regularly for case updates). Although appellant did not cite Rule 41 in her motion, the trial court construed the motion as one to reinstate the complaint pursuant to Rule 41(b)(3) and, citing the 14-day time limit, denied the motion as untimely on March 22, 2023. Appellant argues on appeal that the trial court abused its discretion in denying her motion to reinstate the complaint.[1] Upon consideration of the full record, it is

---

[1] Appellant does not challenge the May 31, 2022, dismissal of her complaint. We therefore have no occasion to decide whether that order should be affirmed or is even properly before us in this appeal.

**No. 23-CV-0305**

ORDERED that the trial court's order dated March 22, 2023, is vacated and the matter is remanded for reconsideration of appellant's February 21, 2023, motion as one for relief from final judgment under Super. Ct. Civ. R. 60(b). *See Johnson v. Berry*, 658 A.2d 1051, 1053 (D.C. 1995) (explaining that a Rule 60(b) motion to reinstate a dismissed case is governed by the same five-factor test that applies to a Rule 60(b) motion to vacate a default judgment). The trial court was correct that a motion to reinstate the complaint under Rule 41(b)(3), which entitles a litigant to relief upon a showing of good cause, is subject to a 14-day time limit. However, we have never suggested that this 14-day period to vacate a dismissal order before it becomes final supplants the opportunity to vacate a final order of dismissal under Rule 60(b). *See Crosby v. Brown*, 289 A.3d 696, 699 (D.C. 2023) (reviewing the trial court's denial of a motion to reinstate under both Super. Ct. Civ. R. 41(b) and 60(b) for abuse of discretion and noting this court's strong policy favoring adjudication on the merits). Since the order of dismissal became final upon the expiration of Rule 41(b)'s 14-day period, the trial court should have construed appellant's motion as one for relief from final order under Rule 60(b). *Cf. Moradi v. Protas, Kay, Spivok & Protas, Chartered*, 494 A.2d 1329, 1331-32 (D.C. 1985) (construing appellant's motion as a "motion to vacate pursuant to Super. Ct. Civ. R. 60(b)"—where a motion for reconsideration under Super. Ct. Civ. R. 59(e) would have been untimely—because the motion "sought not only reconsideration of the court's order dismissing his complaint but vacation of that order as well"). Since that 14-day time limit does not apply to Rule 60(b), we remand for reconsideration of appellant's allegations under Rule 60(b). *See In re Ti.B.*, 762 A.2d 20, 32 (D.C. 2000) ("Failure to exercise choice in a situation calling for choice is an abuse of discretion . . . because it assumes the existence of a rule that admits of but one answer to the question presented." (quoting *Johnson v. United States*, 398 A.2d 354, 363 (D.C. 1979)); *Johnson v. Payless Shoe Source, Inc.*, 841 A.2d 1249, 1257 (D.C. 2004) (noting that a discretionary decision containing a legal error will ordinarily result in a remand for reconsideration of the ruling under the proper standard). It is

**No. 23-CV-0305**

FURTHER ORDERED that appellant's requests that we direct the entry of a default judgment in her favor or that appellees, besides appellee Mars, Inc., be held in contempt of court (for their failure to file appellate briefs) are denied as meritless.[2]

## PER CURIAM

Copies e-served:

Honorable Robert R. Rigsby

QMU – Civil Division

Wise David Allen, Esquire

David Barger, Esquire

Robert W. Angle, Esquire


Copies mailed:

Martin Radvan
800 High Street
Hackettstown, NJ 07840

Andrew Clarke
800 High Street
Hackettstown, NJ 07840

William Wrigley, Jr.
1132 Blackhawk Street
Chicago, IL 60642

---

[2] Appellee Mars, Inc., appearing by special appearance, contends that appellant never filed sufficient proof of service, but has not suggested that the trial court should have raised this issue sua sponte or asked us to affirm the denial of appellant's motion to reinstate her complaint on this alternative ground. That issue is not before us and may be addressed by the trial court on remand.

**No. 23-CV-0305**

Copies mailed to:

Fiona Dawson
1131 W. Blackhawk Street
Chicago, IL 60642

Grant Reid
6885 Elm Street
McLean, VA 22101

Felix Hofle
Industriering 17, 41751 Viersen
Germany

Jay Burgett
1132 Blackhawk Street
Chicago, IL 60642

# District of Columbia
# Court of Appeals

06/05/2024

**No. 23-CV-0305**

DESHARNE WOODERTS,

                    Appellant,

                                        **2022-CA-000820-B**

    v.

MARS, INC, *et al.*,

                    Appellees.

Zabrina W. Dempson, Clerk
Superior Court of the District of Columbia

Dear Ms. Dempson:

    The attached certified copy of the Decision in this case, pursuant to Rule 41(a) of the Rules of this Court, constitutes the mandate issued this date.

                              JULIO A. CASTILLO
                              Clerk of the Court

# District of Columbia
# Court of Appeals

F I L E D
MAY 14 2024
DISTRICT OF COLUMBIA
COURT OF APPEALS

No. 23-CV-0305

DESHARNE WOODERTS,
                    Appellant,
        v.                                          **2022-CA-000820-B**

MARS, INC., *et al.*,
                    Appellees.

BEFORE:   HOWARD and SHANKER, *Associate Judges*, and WASHINGTON, *Senior
          Judge*.

## JUDGMENT

On consideration of appellant's brief, appellee Mars, Inc.'s brief, appellant's reply brief, and the record on appeal, it appears that, in an order dated May 31, 2022, the trial court dismissed appellant's complaint without prejudice for want of prosecution after all parties failed to appear at an initial scheduling/status conference. The order, citing Super. Ct. Civ. R. 41(b), stated that the dismissal would not take effect for 14 days and would be vacated if appellant filed a motion within that 14-day period showing good cause why the case should not be dismissed. On February 21, 2023, appellant moved to reinstate the complaint, attaching an affidavit from her attorney alleging, inter alia, that no notice of the summons for the May 2022 hearing had been provided and that he had learned of the subsequent dismissal during a phone call with Superior Court clerical staff (with whom he had been communicating regularly for case updates). Although appellant did not cite Rule 41 in her motion, the trial court construed the motion as one to reinstate the complaint pursuant to Rule 41(b)(3) and, citing the 14-day time limit, denied the motion as untimely on March 22, 2023. Appellant argues on appeal that the trial court abused its discretion in denying her motion to reinstate the complaint.[1] Upon consideration of the full record, it is

---

[1] Appellant does not challenge the May 31, 2022, dismissal of her complaint. We therefore have no occasion to decide whether that order should be affirmed or is even properly before us in this appeal.

**No. 23-CV-0305**

ORDERED that the trial court's order dated March 22, 2023, is vacated and the matter is remanded for reconsideration of appellant's February 21, 2023, motion as one for relief from final judgment under Super. Ct. Civ. R. 60(b). *See Johnson v. Berry*, 658 A.2d 1051, 1053 (D.C. 1995) (explaining that a Rule 60(b) motion to reinstate a dismissed case is governed by the same five-factor test that applies to a Rule 60(b) motion to vacate a default judgment). The trial court was correct that a motion to reinstate the complaint under Rule 41(b)(3), which entitles a litigant to relief upon a showing of good cause, is subject to a 14-day time limit. However, we have never suggested that this 14-day period to vacate a dismissal order before it becomes final supplants the opportunity to vacate a final order of dismissal under Rule 60(b). *See Crosby v. Brown*, 289 A.3d 696, 699 (D.C. 2023) (reviewing the trial court's denial of a motion to reinstate under both Super. Ct. Civ. R. 41(b) and 60(b) for abuse of discretion and noting this court's strong policy favoring adjudication on the merits). Since the order of dismissal became final upon the expiration of Rule 41(b)'s 14-day period, the trial court should have construed appellant's motion as one for relief from final order under Rule 60(b). *Cf. Moradi v. Protas, Kay, Spivok & Protas, Chartered*, 494 A.2d 1329, 1331-32 (D.C. 1985) (construing appellant's motion as a "motion to vacate pursuant to Super. Ct. Civ. R. 60(b)"—where a motion for reconsideration under Super. Ct. Civ. R. 59(e) would have been untimely—because the motion "sought not only reconsideration of the court's order dismissing his complaint but vacation of that order as well"). Since that 14-day time limit does not apply to Rule 60(b), we remand for reconsideration of appellant's allegations under Rule 60(b). *See In re Ti.B.*, 762 A.2d 20, 32 (D.C. 2000) ("Failure to exercise choice in a situation calling for choice is an abuse of discretion . . . because it assumes the existence of a rule that admits of but one answer to the question presented." (quoting *Johnson v. United States*, 398 A.2d 354, 363 (D.C. 1979)); *Johnson v. Payless Shoe Source, Inc.*, 841 A.2d 1249, 1257 (D.C. 2004) (noting that a discretionary decision containing a legal error will ordinarily result in a remand for reconsideration of the ruling under the proper standard). It is

**No. 23-CV-0305**

FURTHER ORDERED that appellant's requests that we direct the entry of a default judgment in her favor or that appellees, besides appellee Mars, Inc., be held in contempt of court (for their failure to file appellate briefs) are denied as meritless.[2]

## PER CURIAM

Copies e-served:

Honorable Robert R. Rigsby

QMU – Civil Division

Wise David Allen, Esquire

David Barger, Esquire

Robert W. Angle, Esquire

Copies mailed:

Martin Radvan
800 High Street
Hackettstown, NJ 07840

Andrew Clarke
800 High Street
Hackettstown, NJ 07840

William Wrigley, Jr.
1132 Blackhawk Street
Chicago, IL 60642

---

[2] Appellee Mars, Inc., appearing by special appearance, contends that appellant never filed sufficient proof of service, but has not suggested that the trial court should have raised this issue sua sponte or asked us to affirm the denial of appellant's motion to reinstate her complaint on this alternative ground. That issue is not before us and may be addressed by the trial court on remand.

**No. 23-CV-0305**

Copies mailed to:

Fiona Dawson
1131 W. Blackhawk Street
Chicago, IL 60642

Grant Reid
6885 Elm Street
McLean, VA 22101

Felix Hofle
Industriering 17, 41751 Viersen
Germany

Jay Burgett
1132 Blackhawk Street
Chicago, IL 60642

eFiled
8/24/2024 9:52:06 PM
Superior Court
of the District of Columbia

1  Wise David Allen, Esq.
   District of Columbia Bar No.: 492427
2  8300 Greensboro Drive, L1-139
   McLean, Virginia 22102
3  Telephone: 202-253-7804
   wiseallen@gmail.com
4  (202) 253-7804

5  Attorney for Plaintiff

6

7                    **Superior Court**

8                 **District of Columbia**

9

10  DeSharne Wooderts,              ) Case No.: 2022 CA 000820B
                                    )
11          *Plaintiff,*            ) Motion: Relief from a
                                    ) Judgment or Order _ 60(b)
12      v.                          )
                                    ) Judge: Maurice A. Ross
13                                  )
    Mars Inc., et al.,              )
14                                  )
            *Defendants.*           )
15                                  )
                                    )
16                                  )
                                    )
17  _____)

18
    Pursuant to our hearing on July 26, 2024, presided by
19
    your Honor, and our Court of Appeals, District of
20
    Columbia order dated May 14, 2024, under Superior Court
21
    Rule 60(b), Plaintiff brings forth this Motion for
22
    Relief from a Judgment or Order to reinstate the
23
    Complaint that was dismissed without prejudice for want
24
    of prosecution.  (Superior Court Rule 60(b); Wooderts
25

**60(b) Motion - 1**

1 v. Mars, Inc., No. 23-CV-0305); Your Honor and the
2 Superior Court are provided 6 grounds by Superior Court
3 Rule 60(b)  that you may relieve a party or its legal
4 representative from a final judgment, order, or
5 proceedings. (Superior Court Rule 60(b); <u>Wooderts v.</u>
6 <u>Mars, Inc.</u>, No. 23-CV-0305). Your power to grant the
7 request to the Plaintiff and move the case to a
8 decision on the merits are very expansive.  Superior
9 Court Rule 60(d); <u>Wooderts v. Mars, Inc.</u>, No. 23-CV-
10 0305). This motion is brought for your Honor to
11 consider relief from an order denying reinstatement of
12 the Complaint and the Defendants, through counsel,
13 informed Counsel of the Plaintiff stated that
14 Defendants do not consent to the relief sought.  (Phone
15 Conversation, dated August 21, 2024 at 2:32 PM EST).
16
17 **Background**
18 Plaintiff through Counsel requested the Superior Court,
19 the District of Columbia to reinstate officially filed
20 **February 21, 2023,** within the no more than year timing
21 requirement of Superior Court Rule 60(c) of the **May 27,**
22 **2022** order.  On May 27, 2022 The Complaint was
23 dismissed for Want of Prosecution by a Superior Court,
24 District of Columbia.  On March 22, 2023, Superior
25 Court of the District of Columbia denied the motion to

reinstate that was filed beneath Superior Court Rule 41
and didn't consider the motion within Superior Court
Rule 60.  On May 14, 2024, vacated the order and
remanded to your honor for consideration of the motion
within Superior Court Rule 60.

**Grounds for Relief from the Judgment or Order**

The motion is governed by the same five-factor test
that applies to a motion to vacate a default judgment
in accordance with Rule 60(b).  Desharne v Wooderts v
Mars, Inc., No.23-CV-0305, District of Columbia, Court
of Appeals, May 14, 2024.  The Rule 60(b) provides
"[o]n motion and just terms, the court may relieve a
party or its legal representative form a final
judgment, order, or proceeding for the following
reasons:

(1) mistake, inadvertence, surprise, or excusable
neglect;

(2) newly discovered evidence that, with reasonable
diligence, could not have been discovered in time to
move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or
extrinsic), misrepresentation, or misconduct by an
opposing party;

(4) the judgment is void;

1   (5) the judgment has been satisfied, released, or
2   discharged; it is based on an earlier judgment that has
3   been reversed or vacated; or applying it prospectively
4   is no longer equitable; or
5   (6) any other reasons that justifies relief."
6   "In conducting this inquiry, the trial court 'must'
7   consider the following factors; 'whether the movant (1)
8   had actual notice of the proceedings; (2) acted in good
9   faith; (3) took prompt action; and (4) presented an
10  adequate defense. Prejudice to the non-moving party is
11  also relevant.'" <u>Crosby v. Brown</u>, 289 A.3d 696,701 –
12  DC Court of Appeals 2023 (citation omitted).

13

14  As explained, Plaintiff and Counsel for the Plaintiff
15  received **actual notice** of the order Dismissing the
16  Complaint for want o of Prosecution by presumably both
17  parties failing to appear at a scheduled hearing on
18  **April 10, 2024.** (Plaintiff Exhibit 1; Emails between
19  the clerk of the Honorable Rigsby and the undersigned
20  Counsel). On February 21, 2023[1] had filed a Motion to
21  Reinstate the Dismissed Complaint, because a lengthy

22

23  _____
    [1] During a significant period of time, Counsel for the Plaintiff was away form computer that housed the DC metro
24  area legal matters. Counsel for Plaintiff was in the state of California litigating for economically challenged people
    being foreclosed due to insufficient funds, largely due to CV-19 caused unemployment, to pay their mortgages. In
    fact, in the return trip to DC metro area, Counsel for the Plaintiff car broke down in Wyoming and stranded in
25  Wyoming, unemployed, for a week, being forced to ship the automobile from Wyoming.

1  phone conversation between Plaintiff Counsel and the
2  office of the Clerk, Superior Court, Civil Division
3  stated the Court of Superior Court issued a Writ of
4  Summons scheduled a hearing in May 2022.[2] Counsel for
5  Plaintiff was shocked in discovery over everything,
6  particularly the dismissal of the Complaint due to
7  neither side had shown up to the hearing given that
8  Court of Appeals stated, "We have emphasized that the
9  failure to appear at an initial hearing or pretrial
10  conference will rarely merit dismissal,"  as oppose to
11  removal of the case from docket and/or an email to
12  counselors.  Johnson v. Berry, 658 A.2d 1051 (DC, Court
13  of Appeals, 1995) (citation omitted); (Motion to
14  Reinstate).

15
16
17  In good faith, Counsel periodically called into the
18  office of Superior Court for updates, because the
19  office of the court had mentioned that docketing had
20  been taking a year due to CV-19 pandemic backlog.
21  Plaintiff and Counsel of Plaintiff were unaware of the
22  summons, hearing, and the order.  The court didn't mail
23  to the address to the Counsel of the Plaintiff, which
24

25  [2] Between the filing of the complaint, in reality complaints[2] of which one was a signed complaint, Counsel for the Plaintiff periodically called and checked with the Clerk for any action on the Complaint. (Motion to Reinstate).

1  is on the pleading, but the clerk of action had the
2  wrong mailing address within their system.   See
3  Superior Court Rule 5.   The office of Superior Court
4  had IT failures at the time complaints were filed,
5  including a signed complaint by Counsel of Plaintiff,
6  and Counsel of Plaintiff wasn't able to upload the
7  final complaint, but the Counsel of Plaintiff was
8  successful in filing two complaints with one signed and
9  was in sufferance from failed upload of the planned
10  filing of a complaint and from a rejection of the
11  complaint.   Counsel of Plaintiff actually saw the order
12  dismissing the Complaint on **April 10, 2024,** which post
13  the date of filing the Motion for Reinstatement.

14
15  Upon discovery Appellant and Counsel of Appellant used
16  reasonable diligence by initiating action upon the case
17  through the process of filing a motion to reinstate,
18  appeal, this current motion and filing a new companion
19  complaint.

20
21                              Dated this 24th day of
22                              August, 2024
23
24
25

1

s//Wise Allen, Esq.

2

Wise Allen
District of
Columbia Bar No.:
492427

3

8300 Greensboro
Drive, L1-139

4

McLean, Virginia
22102

5

Telephone: 202-
253-7804

6

wiseallen@gmail.c
om

7

(202) 253-7804

8

Wise David Allen,
Esq.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## CERTIFICATE OF SERVICE

2

On August 23, 2024, this undersigned counsel served a
3   copy of this motion to the defendants by emailing
counselors a copy of this motion to anglew@gtlaw.com
4   and bargerd@gtlaw.com;

5   and, by placing within the custodial control of the
United States Post Office, a copy of this motion in a
6   prepaid postage within the custodial control to the
following addresses:

7

8

9   Jay Burgett

10  19720 Woodside

11  New Lenox, Illinois 60451

12

13  Mars Food

14  1132 W. Blackhawk

15  Chicago, Il 60642

16

17  Mars Wrigley

18  800 High Street

19  McLean, Va. 22101

20

21  Mars Wrigley confectionery Us, LLC

22  800 High Street

23  Hackettstown, NJ 07840

24

25

1  C/O Director Frank E. Mars

2  Mars, Inc.

3  6885 Elm Street

4  McLean, VA

5

6  Monchengladbach Hrb Mars Conf Supply Gmbh

7  17 Industriering

8  41751 Viersen, Germany

9

10  Pacific Marks Esaka

11  12F, 9-1 Toyotsuchou

12  Sita-Shi

13  Oska, 530-0000 Japan

14

15  Starburst Duos

16  1132 Blackhaw Street

17  Chicago, Il 60642

18

19  Starburst Duos Tm

20  1132 Blackhawk Street

21  Chicago, Il 60642

22

23  Wrigley Starburst

24  1132 Blackhawk Street

25  Chicago, Il 60642

1  Director Philip M. White

2  Mars, Inc. (HQ)

3  6885 Elm Street

4  McLean, Va 22101-6031

5

6

7

8

9

10

11

12

13

14

15

s//Wise Allen,
Esq.

16

17  Wise Allen
District of
Columbia Bar No.:
492427
8300 Greensboro
Drive, L1-139
McLean, Virginia
22102
Telephone: 202-
253-7804
wiseallen@gmail.c
om
(202) 253-7804
Wise David Allen,
Esq.

18

19

20

21

22

23

24

25

# Superior Court
# District of Columbia

DeSharne Wooderts,

       *Plaintiff,*

   v.

Mars Inc., et al.,

       *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2022 CA 000820B

## **ORDER**

The Motion for Relief from Order from the Dismissal of the Complaint for Want of Prosecution is **GRANTED**;

**ORDERED** that Plaintiff's Motion to Reinstate is **GRANTED**.

**SO ORDERED**.

_____

Maurice A. Ross, Associate Judge
Superior Court of the District of Columbia

eFiled
9/26/2024 2:41:45 PM
Superior Court
of the District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| DESHARNE WOODERTS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )     Case No. 2022-CA-820-B |
| MARS, INC., *et al*., | ) |
| | ) |
| *Defendants*. | ) |

**MARS, INC.'S OPPOSITION TO PLAINTIFF'S**
**RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT**

Defendant Mars, Inc. ("Mars"),[1] by counsel and pursuant to Superior Court Rule of Civil

Procedure 60(b), submits this opposition to the motion to reinstate the Complaint ("Motion to

Reinstate") filed by Plaintiff Desharne Wooderts ("Plaintiff"), and states as follows:

**INTRODUCTION**

The Court should deny Plaintiff's Motion to Reinstate on reconsideration under Rule 60(b).

After Plaintiff failed to appear at the initial scheduling conference (without having served any of

the Defendants), this Court dismissed the action without prejudice for failure to prosecute. Instead

of simply refiling her case,[2] Plaintiff waited nearly <u>ten months</u> before filing her first motion to

reinstate this matter in February 2023. And despite the fact that this case was filed more than two

and a half years ago, <u>Plaintiff has *still* failed to serve *any* of the Defendants</u>. There have been no

---

[1] Mars is appearing by special appearance because it has not been properly served in this matter. On May 2, 2023, the Court of Appeals entered an order *sua sponte* directing Mars, as a corporation which must be represented by counsel, to advise the court as to the "identity of its counsel." As set forth below, neither Mars nor any of the other Defendants were properly served with the Complaint, and Mars does not concede that any of the Defendants are appropriately within the Court's jurisdiction. Other than Mars' special appearance, none of the other Defendants have appeared or participated in this litigation due to a lack of proper service. Still, Mars requests that the Court deny Plaintiff's Motion to Reinstate and dismiss this action as to all Defendants because the reasons to do so apply equally to each.

[2] Plaintiff waited more than two years (while this matter was on appeal) and refiled an identical Complaint in *Wooderts v. Reid, et al.*; Case No. 2024 CAB 001857. That case was dismissed *sua sponte* by the Court with prejudice on June 24, 2024.

proofs of service filed in this case. This alone warrants denial of Plaintiff's Motion to Reinstate. This Court properly denied Plaintiff's first motion to reinstate under Rule 41(b), and on reconsideration under Rule 60(b) per the directive from the Court of Appeals, it should reach the same result.

Plaintiff argues that her failure to prosecute her case should be excused because her counsel claims he did not receive notice of the proceedings. However, it was the Plaintiff's duty to monitor the case (including the electronic docket and counsel's own email), and it was the Plaintiff's duty to ensure that service was properly made on all parties to move the case forward. Plaintiff blames the Court and the Clerk's Office for not effectively contacting counsel, but the duty to prosecute the case rests solely with Plaintiff. Further, the record reflects that the Superior Court sent electronic notice of its orders to Plaintiff's counsel via email, which Plaintiff omits from the Motion to Reinstate. Plaintiff simply presents no justifiable reason for the failure to prosecute her case, including the failure to serve properly any of the Defendants, or promptly seek reinstatement after dismissal. The Court should deny the Motion to Reinstate and enter an order dismissing this case against Defendants.

## BACKGROUND

Plaintiff initiated this action on February 18, 2022, by e-filing an unsigned "Complaint for Legal, Equitable Relief and Other Equitable Relief" (the "Complaint") in the Superior Court. In the Complaint, Plaintiff asserts several causes of action seeking damages based on a theory that Defendants used Plaintiff's design, derived from a letter she sent to Mars when she was a child, for a candy product and marketed it as "Starburst Duos." *See generally* Compl.[3]

---

[3] The Complaint does not contain a claim for a specific amount of damages. However, while this matter was pending in the Court of Appeals, Plaintiff asked the Court to, in addition or in alternative to her request to reinstate this matter, enter a default judgment against Defendants in the amount of $500 million. Plaintiff also requested that Berkshire Hathaway, Inc, Charles Munger, and Warren Buffett be named as trustees

When the Complaint was initially filed, Plaintiff did not include a summons or information sheet with her filings. Plaintiff refiled her Complaint and submitted a signed copy of the same a week later, on February 25, 2022. *Id*. The same day, the Court set an initial scheduling conference for May 27, 2022, giving Plaintiff more than 60 days to effect service under Rule 4(m) of the D.C. Superior Court Rules of Civil Procedure (the "Rules"). On March 2, 2022, Plaintiff submitted alias summonses for issuance, as summonses were not included with her initial filings.

Under Rule 4 Plaintiff was required to complete service of the Summons, Complaint, Initial Order, and Addendum within 60 days of filing the Complaint – by April 26, 2022. *See* Rule 4(m). Rule 4(l) also requires that service "be made to the court…by the server's affidavit." Plaintiff did not file proof of service or any other evidence of service with the Court by April 26, 2022.  To date, despite that Mars, by special appearance, has raised the lack of service numerous times in various filings on appeal and via communications between counsel, Plaintiff still has failed to serve any Defendants with the Complaint or file any proofs of service.

Not only did Plaintiff fail to complete service on any Defendant by the May 27, 2022, initial scheduling conference, but Plaintiff's counsel also failed to appear. Accordingly, the Superior Court dismissed this action without prejudice for want of prosecution pursuant to Rule 41(b).  Plaintiff did nothing to address the dismissal without prejudice until nearly ten months later, on February 21, 2023, when she moved to reinstate the case. The Court denied Plaintiff's motion on March 22, 2023 because the motion was filed "nearly 10 months after the dismissal[,]" and was thus untimely.

Plaintiff appealed, arguing that the Court abused its discretion when dismissing the action without prejudice for want of prosecution and in denying her late-filed motion to reinstate. On

---

over "Starburst Duos" to transfer ownership to Plaintiff. Plaintiff requested this relief even though Plaintiff never properly served any Defendant. The Court of Appeals denied Plaintiff's request as "meritless."

May 14, 2024, the Court of Appeals remanded this matter, finding only that this Court should reconsider Plaintiff's request to reinstate the matter under Rule 60(b), and not solely under Rule 41(b) despite that Plaintiff's original motion to reinstate cited only to Rule 41(b).[4] But even considering Plaintiff's Motion under Rule 60(b), the Court should still deny the request to reinstate this matter, reinforce its prior ruling, and dismiss this case.

## ARGUMENT

### A. The Court Should Deny Plaintiff's Request to Reinstate Under Rule 60(b).

The Court should deny the Motion to Reinstate and dismiss this matter because Plaintiff failed to remain apprised of the status of her case, waited nearly 10 months after dismissal to seek reinstatement, and all the while has still neglected to serve any of the Defendants in this case. Under Rule 60(b), the Court may relieve a party from a final order on the basis of "mistake, inadvertence, surprise, [] excusable neglect," or "any other reason that justifies relief." Super. Ct. Civ. R. 60(b)(1) and (6). In doing so, the Court considers "whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense. [5] Prejudice to the non-moving party is also relevant." *Ripalda v. Am. Operations Corp.*, 673 A.2d 659, 662 (D.C. 1996) (quoting *Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157, 1159-60 (D.C. 1985)). The fourth factor is not applicable as Plaintiff is the claimant and not defending any claim, but the remaining factors all weigh in favor of Defendants.

### i. Plaintiff Had Actual Notice of The Proceedings (First Factor).

Plaintiff knew, or at minimum should have known, of the initial hearing scheduled in this matter and of the dismissal of the same long before filing her initial motion to reinstate. Plaintiff

---

[4] In the remand order, the Court of Appeals noted: "[Mars] contends that [Plaintiff] never filed sufficient proof of service, but has not suggested that the trial court should have raised this issue sua sponte or asked us to affirm the denial of appellant's motion to reinstate her complaint on this alternative ground. That issue is not before us and may be addressed by the trial court on remand." May 24, 2024 Order, n.2.

filed this action on February 18, 2022. On February 25, 2022, the Court set an initial scheduling conference for May 27, 2022, giving Plaintiff more than 60 days to serve Defendants under Rule 4(m). On March 2, 2022, *after* the initial scheduling conference was set, Plaintiff submitted alias summonses for issuance, as summonses were not included with her initial filings. As such, when Plaintiff filed the alias summons, she should have been aware of the pre-existing order on the docket setting the initial scheduling conference and should have known to check with the Clerk's office to obtain the alias summons to begin the process of serving Defendants within the time required by Rule 4(m). Plaintiff failed to do so, did not appear at the initial scheduling conference, warranting dismissal for failure to prosecute. Plaintiff took no action until nearly ten months later, on February 21, 2023, when filing her initial motion to reinstate. But Plaintiff obviously had notice that she filed a lawsuit, and even a minimum understanding of the Court's rules would import knowledge about the time to serve the Complaint and the Court's procedure in setting initial scheduling conferences.

Plaintiff's argument that her failure to prosecute or move for reinstatement in a timely manner should be excused because she contends that she did not receive actual notice of the May 27, 2022 order dismissing her case is baseless.[5] Specifically, Plaintiff's counsel contends that he did not receive notice because "[d]uring a significant period of time, Counsel for the Plaintiff was away [from] computer that housed [his] DC metro area legal matters." Mot. at n.1. Counsel also contends that he did not receive notice because the Court mailed notices to the address contained in the Court's computer system, and not to the address for Plaintiff's counsel listed on the Complaint. Mot. at 5-6. But Plaintiff ignores that the "plaintiff, not the clerk, has the duty to prosecute diligently." *See Brown v. Cohen*, 505 A.2d 77, 80 (D.C. 1986); *Cameron v. Washington*

---

[5] In her Motion, Plaintiff erroneously states that the dismissal order was entered on April 10, 2023, but the case was dismissed nearly a year prior, on May 27, 2022.

*Metro. Area Trans. Auth.*, 649 A.2d 291, 294 (D.C. 1994) (noting that it is the plaintiff's duty to keep abreast of status of case).

In today's day and age, there is no excuse for a plaintiff not to be aware of the status of their case. This Court utilizes the eFileDC electronic filing system and requires parties represented by counsel in civil cases to utilize eFileDC. *See* https://www.dccourts.gov/superior-court/e-filing. The Court also provides training resources for firm administrators and individuals on how to register for and utilize the electronic filing system, an online technical support resource, and "FAQs" to answer common questions regarding electronic filing. *See* https://efiledcsuperiorcourt.gov/training-resources-page/. The Court's website even includes a step-by-step guide as to how to add and edit a "Service Contact" for a party. *See* https://efiledcsuperiorcourt.gov/training-resources-page/. As such, the docket is publicly available 24 hours a day, seven days a week. Even if someone does not have a particular computer, the Court's docket can be accessed via any computer, tablet, or mobile device that has access to the internet.

Further, it is an attorney's responsibility (not the Court's or Clerk's) to add and edit Service Contacts for cases. If the attorney fails to add or update Service Contacts for cases, the attorney may not receive mailing of filings in the case. Nonetheless, as noted above, any individual – attorney or not – can access the Court's docket at any time. And, certainly, if counsel is concerned that the Court is not receiving its docket entries or it is not receiving the Court's docket entries, counsel can (and should) frequently check the docket. It was Plaintiff's responsibility, not the Court's, to be aware of the status of her case.

Notably, the email address which counsel for Plaintiff identifies in the signature block of the Complaint and the Motion – wiseallen@gmail.com – is the same email address listed in the

record for which counsel was to receive electronic service of documents. *Compare* Mot. at 1 *with*
**Exhibit A**, Online Docket. The Court's online docket reflects that copies of the May 27, 2022
dismissal order were sent both by mail and "e-filed" through the court's electronic filing system.
Ex. A. Thus, the record reflects that Plaintiff *did* receive actual notice of the May 27, 2022
dismissal order.

Moreover, this Court has regularly explained that a party is not required to have actually
received notice by mail to satisfy due process requirements. "In order to satisfy due process, notice
must be accomplished by a method reasonably calculated to afford the party an opportunity to be
heard." *Carroll v. D.C. Dep't of Emp't Servs.* 487 A.2d 622, 623 (D.C. 1985) (per curiam) (quoting
*Wise v. Herzog*, 72 App. D.C. 335, 337, 114 F.2d 486, 488 (1940)) (internal quotation marks
omitted). Notice is "constitutionally sufficient if it was reasonably calculated to reach the intended
recipient when sent." *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708, 1714, 164 L. Ed. 2d 415
(2006). "[T]he alleged failure of an individual to receive notice [by mail] does not constitute a
deprivation of due process." *Carroll.*, 487 A.2d at 623-24 (citations omitted). "'[A]dequate notice,
rather than actual notice,' is [all that is] required by the Due Process Clause." *1417 Belmont Cmty.
Dev., LLC v. District of Columbia*, 2023 D.C. App. LEXIS 280, at *14 (Sep. 28, 2023) (quoting
*Kidd Int'l Home Care, Inc. v. Prince*, 917 A.2d 1083, 1086 (D.C. 2007)).

Plaintiff's suggestion that failure to receive notice by mail justifies her failure to prosecute
her case is misplaced. D.C. Superior Court Rule 77(d) provides that upon entering an order or
judgment, "the clerk must serve notice of the entry, as provided in Rule 5(b) on each party who is
not in default for failing to appear." D.C. Superior Court Rule 5(b) provides that service may be
effectuated by "sending it to a registered user using the court's electronic-filing system or sending
it by other electronic means that are permitted—in which event service is complete upon sending,

but is not effective if the filer or sender learns that it did not reach the person to be served." D.C. Super. Ct. R. Civ. P. 5(b)(E). In other words, Rule 77(d) simply does not require that the Superior Court serve parties with notices or orders by mail. *See Clark v. Bridges*, 75 A.3d 149, 152 (D.C. 2013) ("Superior Court Civil Rule 77 (d) no longer can be read as *requiring* the clerk to serve the parties by mail.") (emphasis in original). Thus, electronic service of orders is expressly permitted under the rules, and it is irrelevant whether Plaintiff's counsel actually received mailing of any order or notice (especially where the record reflects that Plaintiff's counsel would have received notices at the email address he had on file with the Superior Court). Thus, the first factor, actual notice, weighs in favor of Defendants.

>       ii.    **Plaintiff's Unreasonable Delay in Seeking Reinstatement Reflects a Lack of Good Faith (Second and Third Factors).**

Plaintiff did not act promptly in seeking to reinstate her case after dismissal, nor has Plaintiff pursued this matter (or Case No. 2024 CAB 001857) in a diligent, good faith manner. The Court properly dismisses a case for failure to prosecute, especially where, as here, the plaintiff does not take prompt action to obtain relief from such dismissal. *See Ripalda*, 673 A.2d 662 (affirming denial of motion to reinstate under Rule 60(b) where the claimant's counsel failed to appear at the initial scheduling conference because counsel was unaware of the same and did not act promptly to bring the case to trial); *Belcher v. Johnson*, 427 A.2d 436, 437 (D.C. 1981) (finding the trial court did not abuse its discretion when entering dismissal for want of prosecution where the plaintiff "literally did nothing" for nine months after dismissal); *Sitwell v. Gov't Emps. Ins. Co.*, 263 A.2d 262, 264 (D.C. 1970) (finding no abuse of discretion relating to dismissal for failure to prosecute where the plaintiff "merely sat back for 35 months" and waited for the court to notify her of a pretrial conference). This Court should similarly decline to reinstate the proceedings and dismiss this matter.

Here, Plaintiff was far from diligent in inquiring about the status of her case within a reasonable time to bring it to trial and did not adequately address the fact that her case was dismissed for nearly ten months. After dismissal of her case without prejudice on May 27, 2022, Plaintiff waited until February 21, 2023 before filing her Motion to Reinstate – 256 days later. Similar to the plaintiff in *Belcher*, Plaintiff "literally did nothing" for nearly ten months after dismissal before seeking reinstatement. Under no circumstances can it be determined that Plaintiff acted promptly.

Plaintiff continued pursuit of this matter despite not having effectuated service on any Defendant or filed proof of the same. After discovering that her case was dismissed without prejudice, Plaintiff could (and perhaps should) have promptly refiled and started over. Instead, Plaintiff sought reinstatement, appealed the Court's denial of that motion, then while on appeal, decided to file an identical Complaint in Case No. 2024 CAB 001857 which has since been dismissed with prejudice *sua sponte* by the Court. Plaintiff's failure to prosecute her case and file duplicative actions while this matter remains active suggests a lack of good faith. As such, the second and third factors weigh in favor of denying the Motion to Reinstate.

### iii.    Defendants Will be Prejudiced if This Matter is Reinstated (Fifth Factor).

Defendants will face prejudice if this case is reinstated, especially because after more than two and a half years, none of them have been served in this case. Under Rule 4, Plaintiff was required to serve Defendants with the Summons, Complaint, Initial Order, and any addendum within 60 days of filing the Complaint – by April 26, 2022. *See* Rule 4(m). Plaintiff was also required to file an affidavit of service by the same date. *See* Rule 4(l). Plaintiff did not do so, and *still* has not served any Defendant in this case. This alone justifies denial of the Motion to Reinstate.

In *Cameron*, the clerk dismissed the plaintiff's complaint without prejudice for failure to file the necessary service affidavits within the time required by the rules. 649 A.2d 291, 292 (D.C. 1994). There, the defendants *were* effectively served by private process server within the time permitted, but the plaintiff simply forgot to file proof of service within the 60-day deadline. *Id.* Upon realizing that the case was dismissed, and within 30 days of dismissal, the plaintiff filed a motion to reinstate. *Id.* The plaintiff appealed, and the Court of Appeals affirmed the lower court's rulings and found that the appellant's complaint was properly dismissed for failure to file proof of service within the time required, and the refusal to reinstate the complaint was not an abuse of discretion. *Id.* at 294-95.

We are now more than two and a half years into this litigation, and Plaintiff still has not served any of the Defendants. The 60-day deadline to complete service under Rule 4 has long passed, and reinstatement at this time would prejudice Defendants. Although the claims in the Complaint are without merit against all Defendants, a cursory review reveals that there is no basis for any of the individual Defendants to be named as parties in this action. Indeed, at least one of the individual Defendants is dead (ex. William Wrigley Jr., who died in 1932), many are former employees of Mars and/or live overseas, and there are no facts connecting them to the facts alleged in the Complaint.[6]  Especially considering that no Defendant has been served, bringing any of them into this litigation more than two and a half years after this case was filed would be highly prejudicial. Mars, the sole defendant who has participated by special appearance (and only in response to an order by the Court of Appeals), has been forced to incur litigation costs by engaging

---

[6] Despite the fact that counsel for Mars raised the disconnect between the individually named Defendants and the facts alleged in the Complaint to Plaintiff's counsel, including the publicly available fact that William Wrigley Jr. died more than 90 years ago, Plaintiff refused to dismiss any of the individuals, and when she refiled her action under Case No. 2024 CAB 001857, named all the same individual Defendants, including the deceased William Wrigley Jr.

in this matter in the Court of Appeals, and now on remand. Fault for the dismissal of the Complaint lies solely with Plaintiff, and allowing this case to proceed is prejudicial to the Defendants and does not serve the ends of justice. Thus, the fifth and final factor weighs in favor of dismissal. *Ripalda*, 673 A.2d at 664 (affirming the trial court's denial of reinstatement and finding that the defendants were prejudiced by the delay where the plaintiff sent two letters and made two phone calls to the court over nearly three years concerning their motion to reinstate). The rules of this Court should be enforced, and Plaintiff's Motion to Reinstate should be denied.

## **CONCLUSION**

For the foregoing reasons, Mars requests that this Court deny Plaintiff's Motion to Reinstate, dismiss this matter, and award all such other relief the Court deems just and proper.

Dated: September 26, 2024                    Respectfully submitted,


                                             */s/ Robert W. Angle*
                                             David Barger
                                             DC Bar No. 469095
                                             Robert W. Angle
                                             DC Bar No. 1614979
                                             GREENBERG TRAURIG, LLP
                                             1750 Tysons Blvd., Suite 1000
                                             McLean, VA 22102
                                             Tel.: (703) 749-1391
                                             bargerd@gtlaw.com
                                             anglew@gtlaw.com

                                             Matthew Cannon (*to be admitted pro hac vice*)
                                             Greenberg Traurig, LLP
                                             77 West Wacker Drive, Suite 3100
                                             Chicago, Illinois 60601
                                             Phone: 312.456.8400
                                             nelsonc@gtlaw.com

                                             *Counsel for Defendant Mars, Inc.*

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 26 day of September, 2024, I caused a copy of the foregoing document to be served on all counsel of record via electronic mail and this Court's e-filing system.

<div align="right">

*/s/ Robert W. Angle*
Robert W. Angle

</div>

# Exhibit A

Civil Actions

# Case Summary

### Case No. 2022-CA-000820-B

| | | | |
|---|---|---|---|
| **WOODERTS, DESHARNE Vs. MARS, INC et al** | § § § | Location: Judicial Officer: Filed on: | **Civil Actions** **Ross, Maurice** **02/18/2022** |

## Case Information

| | |
|---|---|
| Case Type: | Civil II |
| Subtype: | Complaint for Declaratory Judgment Filed |
| Case Status: | **06/05/2024  Reopen** 05/27/2022  Closed 02/18/2022  Open |

File Date   02/18/2022
**Cause of Action**
Complaint for Declaratory Judgment Filed
   **Description/Remedy**
   Action
   Complaint for Declaratory Judgment Filed
## Statistical Closures
05/27/2022   Dismissed-Order Dism/Want of Prosec w/o Prejudice

## Assignment Information

**Current Case Assignment**
Case Number    2022-CA-000820-B
Court          Civil Actions
Date Assigned  06/14/2024
Judicial Officer  Ross, Maurice

**Previous Case Assignments**
Case Number    2022-CA-000820-B
Court          Civil Actions
Date Assigned  06/05/2024
Judicial Officer  Edelman, Todd E

| | |
|---|---|
| Reason | Case Remanded |
| Case Number | 2022-CA-000820-B |
| Court | Civil Actions |
| Date Assigned | 02/18/2022 |
| Judicial Officer | Rigsby, Robert R |
| Reason | Case Remanded |

---

# Party Information

<div style="text-align:right"><em>Lead Attorneys</em></div>

**Plaintiff**　　**Wooderts, Desharne**

　　　　5900 S 145 Apt 4207
　　　　WILMER, TX 75172

**Allen, Wise D**
***Retained***
202-253-7804(H)
8300 Greensboro Dr. L1-39
Tysons, VA 22102
wiseallen@gmail.com

**Defendant**　**Doe, Jane1**

　　　　1132 Blackhawk Street
　　　　CHICAGO, IL 60642

　　　　**Doe, Jane2**

　　　　6885 Elm Street
　　　　MCLEAN, VA 22101

　　　　**Monchengladbach HRB 17893**

　　　　Hofle, Felix
　　　　*Doing Business As* Mars Confectionery Supply GmbH
　　　　Mars Confectionery Supply GmbH
　　　　Industriering 17, 41751
　　　　Viersen, Germany

　　　　**Mars Food**

　　　　1132 W. Blackhawk
　　　　CHICAGO, IL 60642

　　　　**Mars Wrigley**

　　　　800 High Street
　　　　HACKETTSTOWN, NJ 07840

　　　　**Mars Wrigley Confectionery Us, LLC**

　　　　800 High Street

HACKETTSTOWN, NJ 07840

**Mars, Inc**

6885 Elm Street
MCLEAN, VA 22101

**Pacific Marks Esaka**

12F, 9-1 Toyotsuchou
Suita-shi
Osaka, 530-0000 Japan

**Starburst Duos**

1132 Blackhawk Street
CHICAGO, IL 60642

**Starburst Duos Tm**

1132 Blackhawk Street
CHICAGO, IL 60642

**Wrigley Starburst**

1132 Blackhawk Street
CHICAGO, IL 60642

---

## Events and Orders of the Court

---

02/18/2022    Complaint for Declaratory Judgment Filed
       *Complaint for Declaratory Judgment Filed Receipt: 488595 Date: 02/25/2022*


02/18/2022
eComplaint Filed
       *eComplaint Filed. Submitted 02/18/2022 01:35. ajm (NO SUMMONS OR INFORMATION SHEET*
       *INCLUDED WITH THIS FILING) Attorney: ALLEN, WISE D (492427) DESHARNE WOODERTS*
       *(Plaintiff);*


02/25/2022
Event Scheduled
       *Event Scheduled Event: Initial Scheduling Conference-60 Date: 05/27/2022 Time: 10:00 am*
       *Judge: RIGSBY, ROBERT R Location: Courtroom 320*

02/25/2022



Initial Order and Addendum Issued (60 Days)
> *Initial Order and Addendum Issued (60 Days) Initial Order-60 Days Sent on: 02/25/2022
> 15:29:42.85*

02/25/2022



Notice Pursuant to Sup. Ct. Civ. R. 11(a), issued to:
> *Notice Pursuant to Sup. Ct. Civ. R. 11(a), issued to: Notice of Non Compliance Rule 11(a) Sent on:
> 02/25/2022 16:24:46.73*

02/25/2022     

Complaint Package eServed
> *Complaint Package eServed to Filer*

03/02/2022



8 Alias Summons $80.00 Requested as to:
> *8 Alias Summons Filed. Submitted 03/02/2022 18:38PM. PD Attorney: ALLEN, WISE D (492427)
> DESHARNE WOODERTS (Plaintiff); Receipt: 488968 Date: 03/03/2022*

05/27/2022    **Initial Scheduling Conference-60**   (10:00 AM)   (Judicial Officer: Rigsby,
Robert R)
> *Scheduling Conference Hearing Held*

05/27/2022
Event Resulted:
> *Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 05/27/2022
> at 10:00 am has been resulted as follows: Result: Scheduling Conference Hearing Held.
> CourtSmart. Hearing held virtually. No parties present. Order dismissing case for want of
> prosecution signed and filed. Copies mailed/e-filed. Judge: RIGSBY, ROBERT R Location:
> Courtroom 320 (Virtual)*

05/27/2022    Order Dismissing for Want of Prosec w/o prej Entered on Dkt
> *Order Dismissing for Want of Prosecution without prejudice Entered on Docket*

02/21/2023    

Motion Filed    (Judicial Officer: Rigsby, Robert R)
> *Motion to Reinstate with Accompanying Documents*
> Docketed on:   02/22/2023
> Filed by:   Plaintiff Wooderts, Desharne

03/22/2023     Order Denying     (Judicial Officer: Rigsby, Robert R)
                    Signed on:   03/22/2023

03/22/2023     Notice

04/10/2023     Notice

04/13/2023     Notice of Appeal Filed
                    *DCCA Appeal Number: 23-CV-305*
                    Docketed on:   04/13/2023
                    Filed by:   Plaintiff Wooderts, Desharne

04/13/2023     Notice of Appeal (Public) Processed and Forwarded to DCCA
                    *c0135a63-502d-4e76-9169-91737368bbee*

04/16/2023     Reply Filed
                    *Response to Notice of Non-Compliance*
                    Docketed on:   04/18/2023
                    Filed by:   Plaintiff Wooderts, Desharne

08/09/2023     Initial Order Non-Criminal from DCCA

08/09/2023     Record of Index (Public) Certified to DCCA
                    *d72975e8-6eee-4098-84d4-6cbbd43528e6*

05/14/2024     Appeal Vacated and Remanded from DCCA

06/05/2024     Mandate Issued from DCCA

06/14/2024

Order Assigning Case after Remand Entered on Docket     (Judicial Officer: Edelman, Todd E)
                    *Order assigning to Judge Maurice Ross on remand, e-served and mailed to parties 6/14/24. AB*
                    Signed on:   06/14/2024

07/26/2024  
    **Remote Status Hearing**  (10:00 AM)  (Judicial Officer: Ross, Maurice)
      **MINUTES - 07/26/2024**
    Held and Continued;
    Journal Entry Details:
    *COURTSMART. WebEx. REMOTE. Plaintiff's counsel Wise present. Defendant's
    counsel David G. Barger and Woody Angle present on behalf of Mars Inc.
    Wooders to file Brief by 8/26/2024. Oppositon due by 9/26/224. Reply Brief due
    by 10/10/2024. The appellant was Desharne Wooderts. Case continued until
    11/8/2024 at 10:15 a.m. for a Status Hearing in Courtroom 100. MAP;*
    *Parties Present:*   Primary Attorney   Allen, Wise D
      Held and Continued

08/02/2024  
    Returned Mail from USPS
    *Order Assigning Case After Remand*
    Docketed on:   08/02/2024
    Party:   Defendant Pacific Marks Esaka

08/24/2024  
    Motion for Relief Filed
    *Motion for Relief from a Judgment or Order _ 60(b)*
    Docketed on:   08/26/2024
    Filed by:   Plaintiff Wooderts, Desharne

11/08/2024  
    **Remote Status Hearing**  (10:15 AM)  (Judicial Officer: Ross, Maurice)

---

## Other Documents


    04/13/2023
      Court Document - Public/Anonymous User
        Case Summary
          2 Pages

---


    04/13/2023
      Court Document - Public/Anonymous User
        Case Summary
          2 Pages

---


    08/09/2023
      Court Document - Public/Anonymous User

Case Summary

3 Pages



08/09/2023

Court Document - Public/Anonymous User

Appeal Certification

1 Pages

---

## Financial Information

**Plaintiff**     Wooderts, Desharne

| | |
|---|---:|
| Total Financial Assessment | 340.00 |
| Total Payments and Credits | 320.00 |
| **Balance Due as of 09/26/2024** | **20.00** |

eFiled
10/2/2024 5:45:12 PM
Superior Court
of the District of Columbia

W. D. Allen, Esq.
Plaintiff Counsel
Telephone: 202-253-7804
wiseallen@gmail.com

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

| | |
|---|---|
| DESHARNE WOODERTS, | Case No.: 2022-CA-820-B |
| Plaintiff, | **Reply to Opposition** |
| vs. | Judge Maurice A. Ross |
| MARS, INC., *et al.*, | |
| Defendant. | |

**Reply to Defendant Mars, Inc.'s Opposition to Plaintiff's Rule 60(B) Motion for Relief Dismissing the Complaint[1]**

Plaintiff and Counsel of Plaintiff request Rule 60(b) Motion for Relief from order Dismissing the Complaint from Want of Prosecution without prejudice dated May 27, 2022 to be Granted in consistency with Appeal Vacating the order dismissing for Want of Prosecution Without Prejudice, because the Court of Appeals ruled the Superior Court should have considered vacating the order under Superior Court Rule 60(b) on March 22, 2023.  See Wooderts v Mars, Inc., et al, 23-CV-0305, District of Columbia, Court of Appeals (May 14, 2024).

---

[1] The Plaintiff wants this Court to know that Mars, Inc. isn't taking your honor words seriously regarding settling the case.  Mars took her design, diagram and placed that diagram on the internet across the world as Starburst Duos.  Yet, Mars, Inc., whose insurance company has access to settlement data and whose insurance company recommended settling the case, like your honor, hasn't supply any justification data for not settling or a settling amount. Consequently Plaintiff, in an economically challenged state, forced to pay for a year contract with Lexis to access settlement data regarding Trade Secret, Misappropriation, and Copyright violation(s) by "receiving money from one end to pay at another end while maintaining spiraling debt."  Plaintiff has been obligated to four figures, $X,XXX.XX additional debt to act in good faith in complying with the words of your honor to access data supplied to Mars, Inc, whose insurance company has likely total access, but Mars, Inc., with all money from Plaintiff's design and trade secret, refused to use their access for Plaintiff and Defendants to find a comfortable settlement and, Mars, Inc. has not supplied one case to justify a settlement amount, let alone taken the words of the honor seriously. Plaintiffs believes this Court should send Counselors representing Mars, Inc., with your statements and recommendations in writing to that "Thief of American Child."  See Complaint.

Under the District of Columbia, Court of Appeals Judgment dated May 14, 2024 that provided the power to this Court to rule for the Plaintiff, this motion relates back to the date March 22, 2023, which was well within the year requirement stated by Superior Court Rule 60(b). Indeed, the filing for reinstatement that the District of Columbia, Court of Appeals stated that should have been considered in March 2023 was actually less than 10 months of the order at dispute and the District of Columbia Court of Appeals recognizes less than 10 months is not a year and a year is 12 months.  The timeframe under the evaluation is less than 12 months and less than 10 months. In reality that time frame is much less than 12 months that Plaintiff acted on the case but the Plaintiff never really stop acting on the case by telephone calls regarding the status of the case.   If the court merely reads "acting" on a case in writing the action on the case is well before the 12 months the case, and there is no case cited by the opposing side that "acting" on the case is in writing where a Plaintiff calls periodically for status update (and systems update).  In fact, the Plaintiff didn't let the case sit but the Plaintiff called into the courthouse as routinely as suggested for the status update and the system changing update. Thus, under the order of this court and the order of District of Columbia, Court of Appeals Judgment dated May 14, 2024, the motion is not untimely or presumptively prejudicial by being no more than a year after the entry of the order, as provided by Rule 60(c)(1).

1.      The Courts Phone Records and Administrative Records Reveal Why Plaintiff and Plaintiff's Counsel were Reasonable Under the Circumstances.

A. The court's phone logs support Counsel of the Plaintiff had acted during CV-19 pandemic to find updates on the case and current status.  As the office of clerk explained a new system was being employed to expect updates and retraining on the new system alerts.   The court knows if anyone was or all people were advised, like this Counsel, that the process was backlogged about year, which

incidentally was told to the Counsel of Court. The court's logs show Counsel of Plaintiff called in periodically from the local area and calls originating from the state of California where the Counsel of the Plaintiff was in CV-19 litigation. (Besides the Courts logs, Verizon and other phone company maintain regular logs that include location, dates, times of origination of calls and receiving the calls).

B. At that time the Court and Court records were under the administrative mistaken belief that Counsel of the Plaintiff had an email and mailing address in Prince George's County in Maryland. These things happen from time to time and more likely to happen in a relevant pandemic, like CV-19. Yet, the pleadings from the Counsel of the Plaintiff, and this is the first case filed by the Counsel representing a disinterested Plaintiff in this jurisdiction, state the name of the Counselor for email and the address in Virginia. Superior Court Rule 5(b) explains why Plaintiff didn't receive notice of the entry, but Superior Court Rule 5(b) and Rule 77 don't explain why Mars, Inc. alleged it didn't get the order in one of the multiple addresses as Defendant. See Appellee Brief; Mars, Inc. Exhibit A is irrelevant because the date was printed on September 26, 2024 at 2:36 PM of a document filed at 2:41 PM, and clearly the case search portal content has been updated, but, as the court records show(ed), that back in 2022/2023 the court had a different address, which this Counsel of Plaintiff had an extensive conversation with the office of the clerk regarding the typo error, or, as she stated, possible the conversion error of taking records from one software data into a different software error. See Reply to Opposition Exhibit 1 Superior Court Case Summary Dated 08/25/2023 & 2 (email logs). Mars, Inc misinterpreted language somewhere that allows an inference that Court sent an email to this Counselor, which isn't accurate and/or wasn't received. Exhibit 2. Mars, Inc consistently pressures good Counselors into the "bad light" regardless if the person is representing them or opposing them. See Hodsdon v. Mars, Inc., 162 F.Supp.3d 1016 (ND California 2016) (stating the admittedly horrific labor practices). And Mars deserves a spanking for being "naughty" against American children, particularly this plaintiff as an underage girl designed the product.

C. Counsel and Plaintiff of Counsel took action when Counsel of Plaintiff discovered the circumstance in or about March 2023 when the Counsel of Plaintiff received actual notice from Chambers of the Court Rigsby. In fact, the Counsel of Plaintiff drove back from California, once the car was restored from vandalism by another thief in Oakland, California, and, the Counsel of Plaintiff car broke down in Wyoming in a middle of a blizzard, and stuck in Wyoming.  Then, a week after the car had broken down and now without a car talked a professional car renter agent to cut me "slack" to get into a rental car to return to this area and to retrieve the vital computer to file that motion in March 2023.  (A case of obstacles for all Counselors).  Wooderts v Mars, Inc., et al, 23-CV-0305, District of Columbia, Court of Appeals (May 14, 2024).

II.  Mars, Inc is not Prejudiced by the Reinstatement because this Court is able to issue a Summons from the Reinstatement. Superior Civil Court Rules. Wooderts v Mars, Inc., et al, 23-CV-0305, District of Columbia, Court of Appeals (May 14, 2024). In fact, Mars, Inc. would be very disingenuous to assert or allow the inference that Mars, Inc has not received a stamped complaint near the time of filing this Complaint 2022-CA-000820-B, which undoubtedly took their Counselors months to obtain no denial of that fact.  See Appellant Brief. This Superior Court of District of Columbia has records to show that this Superior Court Juliet J. McKenna administratively docketed into the Summary of the Case that the Defendants actually have been severed a summon Complaint 2024-CAB-001857 and concluded that the Complaint is substantially identical to the complaint at issue for reinstatement.

A. Mars, Inc. relies on cases that are factually distinguishable from the case. In Brown v Cohen, the Appellant took no action from 45 months with the record showing no effort. Brown v Cohen 505 A.2d 77, 79-81 DC Court of Appeals (1986). The Cameron court relied on a different Superior Court Civil Rule not at issue before this court and the Appellant did not offer an explanation to the delay.  Cameron v

WMATA, 649 A.2d 291 (Court of Appeals 1994). Clark Court discusses time to appeal Rule 4. The major

thrust from the cases cited by Mars, Inc. is <u>Ripalda v American Operations Corp</u>., 673 A.2d. 659 (1996),

but that case was actually involving an allegation of the Appellant failed to "act" for over 35 months. Id.

See Sitwell v. Government Employees Insurance Co., 263 A.2d 262 (1970) (citing for another case at 35

months); Belcher v Johnson, 427 A.2d 436 (1981) (citing the complaint was filed on June 20, 1977 and,

*sua sponte*, dismissed the complaint on June 11, 1979 for failure to prosecute); Crosby v Brown, 289

A.3d 696 (2023) (supporting reinstatement).

**Conclusion**

Plaintiff requests reinstatement of the Complaint.

Dated this 2nd day of October, 2024

X  W. D. Allen

W. D. Allen, Esq.
Plaintiff Counsel
Bar Number 492427
8300 Greensboro Drive, L1-139
McLean, Va 22102
Telephone: 202-253-7804
wiseallen@gmail.com

**Certificate of Service**

I hereby certify that on this day October 2, 2026, I cause a copy of the foregoing document and exhibits

to be served on all counsel of record via electronic mail.

Dated this 2nd day of October, 2024

X  W. D. Allen

W. D. Allen, Esq.
Plaintiff Counsel
Bar Number 492427
8300 Greensboro Drive, L1-139
McLean, Va 22102
Telephone: 202-253-7804
wiseallen@gmail.com

**Exhibit 1 to Reply to Opposition**

Civil Actions

## Case Summary

Case No. 2022-CA-000820-B

WOODERTS, DESHARNE Vs. MARS, INC et al

§
§
§

Location:  **Civil Actions**
Judicial Officer:  **Rigsby, Robert R**
Filed on:  **02/18/2022**

---

### Case Information

File Date  02/18/2022
**Cause of Action**
Complaint for Declaratory Judgment
Filed

**Description/Remedy**
Action
Complaint for Declaratory Judgment
Filed

Case Type:  Civil II
Subtype:  Complaint for Declaratory Judgment Filed
Case Status:  05/27/2022  Closed
02/18/2022  Open

**Statistical Closures**
05/27/2022  Dismissed-Order Dism/Want of Prosec w/o Prejudice

---

### Assignment Information

**Current Case Assignment**
Case Number   2022-CA-000820-B
Court         Civil Actions
Date Assigned  02/18/2022
Judicial Officer  Rigsby, Robert R

---

### Party Information

*Lead Attorneys*

**Plaintiff**   **Wooderts, Desharne**
5900 S 145 Apt 4207
WILMER, TX 75172

**Allen, Wise D**
*Retained*
202-253-7804(H)
ATTORNEY AT LAW
9807 SEA GULL COURT
UPPER MARLBORO, MD 20772
wiseallen@gmail.com

**Defendant**   **Doe, Jane1**
1132 Blackhawk Street
CHICAGO, IL 60642

**Doe, Jane2**
6885 Elm Street
MCLEAN, VA 22101

**Mars Food**
1132 W. Blackhawk
CHICAGO, IL 60642

**Mars Wrigley**
800 High Street
HACKETTSTOWN, NJ 07840

**Mars Wrigley Confectionery Us, LLC**
800 High Street
HACKETTSTOWN, NJ 07840

**Mars, Inc**
6885 Elm Street

Civil Actions

## Case Summary

### Case No. 2022-CA-000820-B

MCLEAN, VA 22101

**Monchengladbach Hrb Mars Conf Supply Gmbh**

**Pacific Marks Esaka**
12F, 9-1 Toyotsuchou
Suita-shi Osaka, 530-0000 Japan
Unknown, OA 00000

**Starburst Duos**
1132 Blackhawk Street
CHICAGO, IL 60642

**Starburst Duos Tm**
1132 Blackhawk Street
CHICAGO, IL 60642

**Wrigley Starburst**
1132 Blackhawk Street
CHICAGO, IL 60642

---

## Events and Orders of the Court

02/18/2022   Complaint for Declaratory Judgment Filed
   *Complaint for Declaratory Judgment Filed Receipt: 488595 Date: 02/25/2022*

02/18/2022
eComplaint Filed
   *eComplaint Filed. Submitted 02/18/2022 01:35. ajm (NO SUMMONS OR INFORMATION SHEET INCLUDED WITH THIS FILING)*
   *Attorney: ALLEN, WISE D (492427) DESHARNE WOODERTS (Plaintiff);*

02/25/2022
Event Scheduled
   *Event Scheduled Event: Initial Scheduling Conference-60 Date: 05/27/2022 Time: 10:00 am Judge: RIGSBY, ROBERT R Location:*
   *Courtroom 320*

02/25/2022
Initial Order and Addendum Issued (60 Days)
   *Initial Order and Addendum Issued (60 Days) Initial Order-60 Days Sent on: 02/25/2022 15:29:42.85*

02/25/2022
Notice Pursuant to Sup. Ct. Civ. R. 11(a), issued to:
   *Notice Pursuant to Sup. Ct. Civ. R. 11(a), issued to: Notice of Non Compliance Rule 11(a) Sent on: 02/25/2022 16:24:46.73*

02/25/2022
Complaint Package eServed
   *Complaint Package eServed to Filer*

03/02/2022
8 Alias Summons $80.00 Requested as to:
   *8 Alias Summons Filed. Submitted 03/02/2022 18:38PM. PD Attorney: ALLEN, WISE D (492427) DESHARNE WOODERTS*
   *(Plaintiff); Receipt: 488968 Date: 03/03/2022*

05/27/2022   **Initial Scheduling Conference-60**   (10:00 AM)   (Judicial Officer: Rigsby, Robert R)
   *Scheduling Conference Hearing Held*

05/27/2022
Event Resulted:
   *Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 05/27/2022 at 10:00 am has been resulted as*
   *follows: Result: Scheduling Conference Hearing Held. CourtSmart. Hearing held virtually. No parties present. Order dismissing case*
   *for want of prosecution signed and filed. Copies mailed/e-filed. Judge: RIGSBY, ROBERT R Location: Courtroom 320 (Virtual)*

05/27/2022   Order Dismissing for Want of Prosec w/o prej Entered on Dkt
   *Order Dismissing for Want of Prosecution without prejudice Entered on Docket*

02/21/2023   Motion Filed
   *Motion to Reinstate with Accompanying Documents*

Civil Actions

## Case Summary

### Case No. 2022-CA-000820-B

Docketed on:  02/22/2023
Filed by:  Plaintiff Wooderts, Desharne

| | |
|---|---|
| 03/22/2023 | Order Denying    (Judicial Officer: Rigsby, Robert R) |
| | Signed on:  03/22/2023 |
| 03/22/2023 | Notice |
| 04/10/2023 | Notice |
| 04/13/2023 | Notice of Appeal Filed |
| | *DCCA Appeal Number: 23-CV-305* |
| | Docketed on:  04/13/2023 |
| | Filed by:  Plaintiff Wooderts, Desharne |
| 04/13/2023 | Notice of Appeal (Public) Processed and Forwarded to DCCA |
| | *c0135a63-502d-4e76-9169-91737368bbee* |
| 04/16/2023 | Reply Filed |
| | *Response to Notice of Non-Compliance* |
| | Docketed on:  04/18/2023 |
| | Filed by:  Plaintiff Wooderts, Desharne |
| 08/09/2023 | Initial Order Non-Criminal from DCCA |
| 08/09/2023 | Record of Index (Public) Certified to DCCA |
| | *d72975e8-6eee-4098-84d4-6cbbd43528e6* |

### Other Documents

| | | | | |
|---|---|---|---|---|
| | 04/13/2023 | Court Document - Public/Anonymous User | Case Summary | 2 Pages |
| | 04/13/2023 | Court Document - Public/Anonymous User | Case Summary | 2 Pages |
| | 08/09/2023 | Court Document - Public/Anonymous User | Case Summary | 3 Pages |
| | 08/09/2023 | Court Document - Public/Anonymous User | Appeal Certification | 1 Pages |

### Financial Information

| **Plaintiff**   Wooderts, Desharne | |
|---|---|
| Total Financial Assessment | 320.00 |
| Total Payments and Credits | 320.00 |
| **Balance Due as of 08/25/2023** | 0.00 |

**Exhibit 2 to Reply to Opposition**

Gmail

Compose

Inbox
Snoozed
Important
Sent
Drafts
Categories
Social
Updates
Promotions
More

Labels

"Superior Court" or " Superior Court"

Mail    Conversations    Spaces

From ▾   Any time ▾   Has attachment   To ▾   Is unread   Advanced search

350-350 of many

| | The Disciplinary Bo. | Attorney News - March 2023 - the Supreme Court of Pennsylvania has the honor to serve our profession in this capacity. Published. | 3/4/23 |
| | TSS, me 2 | Welcome Page - District of Columbia Superior Court . DC Access - https://eaccess.dccourts.gov/eaccess/home.page 2 | 2/28/23 |
| | me | TransferPerfect: HSR 2nd R Project - - Target Start March 2nd - - WINDOWS 10 - OS ONLY (WD) - Thank you Cynthia Castillo, I attached the requested forms. Also, I took the additio... | 2/6/23 |
| | me | Handbook20210326.pdf HANDBOOK OF PRACTICE and INTERNAL PROCEDURES UNITED STATES COURT OF APPEALS for the DISTRICT OF COLUMBIA CIRCUIT | 2/5/23 |
| | me | Superior Court Rules of Civil Procedure.pdf | 2/2/23 |
| | The Posse List/The... | D.C. - seeking Assistant United States Attorneys (United States Attorney's Office for the District of Columbia) - the Office's Superior Court Division. The Superior Court Division is... | 1/9/23 |
| | me | Effective-Use-of-Objections-in-Responding-to-Interrogatories.pdf | 1/1/23 |
| | Draft | (no subject) - - Wise D. Allen, Esq. Attorney-at-Law (202) 253-7804 Attorney-Client Privilege Information: The | 1/1/23 |
| | me | (no subject) - Matrix, Superior Court LAW AND MOTION MATTERS 2.7 FORM AND FORMAT OF PAPERS PRESENTED FOR FILING A. Documents Presented for | 1/1/23 |
| | The Posse List/The... | Seeking a Washington D.C. Superior Court approved/certified Transcriptionist and Translator (Spanish to English) / remote - Washington DC Superior Court approved/certified Tr... | 1/4/23 |
| | Wise Allen | FW: Review of Foreclosures and Antideficiency Laws in 2022 - I Estaville Law Group Logo] Real Estate & Foreclosure Experts Wise Allen Associate Attorney wise@ | 11/1/22 |
| | DC Courts | Superior Court Update: eFiling and Portal are Live for Phase 1 Cases. Batch eFiling is Coming - DC Courts Update EFILEDC IS HERE WHERE TO GET HELP eFiling for Phase 1 cas... | 11/1/22 |
| | me | IP PROJECT - in the Superior Court of District of Columbia for a client. As you know I have extensive experience in privilege and redactions | 10/27/22 |
| | DC Courts | Superior Court Update: Paper Filing This Week; Batch Filing Solution is coming! eFiling Launch Timeline - DC Courts Update PAPER FILING THIS WEEK CaseFileXpress / File & Ser... | 10/24/22 |
| | DC Courts | Superior Court Update: eFiling Downtime Oct. 23-30 to Prepare for Oct. 31 System Launch; Attorney eFiling Registration - DC Courts Update eFileDCSuperiorCourt.gov Goes Liv... | 10/17/22 |
| | DC Courts | Superior Court Update: eFiling Website and Registration Now Available; How to Get Help with eFiling; eFiling Registration - DC Courts Update eFiling Website and Registration Now Available eFileDC... | 10/17/22 |
| | The Posse List/The... | Washington, DC - seeking candidates for Graduate Teaching Fellowship, Domestic Violence Clinic (Georgetown University Law Center) - in DC Superior Court. The Clinic provide... | 10/5/22 |
| | DC Courts | DC Courts Update: Superior Court Odyssey Phase 1 Go-Live Date is October 31, 2022 - DC Courts Update New Odyssey Go-Live Date: October 31, 2022 The planned eFiling tran... | 9/26/22 |



[redacted]

https://mail.google.com/mail/u/0/#search/"Superior.Court"+or+"+Superior+Court"/p8 110%

Gmail

"Superior.Court" or " Superior Court"

Active

Compose

Mail | Conversations | Spaces

From | Any time | Has attachment | To | Advanced search

351–400 of many

- Inbox 18,445
- Snoozed
- Important
- Sent
- Drafts 1,865
- Categories
  - Social 706
  - Updates 30,194
  - Promotions 38,012
- More

Labels

[redacted]

| | | |
|---|---|---|
| DC Courts | Inbox Superior Court Update: eFiling System Go-Live Postponed; Upcoming Training Sessions; Registration and Website Update - DC Courts Update Odyssey System Go-Live Postpon... | 8/15/22 |
| CaseFileXpress | Inbox UPDATE: eFiling in DC Superior Court - of Columbia Superior Court to the Odyssey eFileDC system, originally scheduled for August 22nd, 2022, has been postponed | 8/12/22 |
| The State Bar of Ca. | Inbox Progress update on key initiatives underway at the State Bar - Diego County Superior Court judge said he plans to refer a personal injury attorney to the State Bar for disciplinar... | 8/9/22 |
| Acuity HR | Inbox FTI Consulting - Acuity Rehire Guide- DC - Hello, Welcome back to FTI Consulting Acuity! This email contains onboarding instructions, our | 6/20/22 |
| iPhone13 | Inbox WelcomeTo iPhone13 RewardPanel 3886 - AUTORISATION D'INSCRIPTION POUR ETUDIANT MINEUR Je soussigné(e)........................................ | 4/17/22 |
| Draft | (no subject) - -- Wise D. Allen, Esq. Attorney-at-Law (202) 253-7804 Attorney-Client Privilege Information: The | 2/18/22 |
| me | Attorney Client Privilege - /s/ YOUr NAME -- Wise D. Allen, Esq. Attorney-at-Law (202) 253-7804 Attorney-Client Privilege | 2/18/22 |
| me | (no subject) - -- Wise D. Allen, Esq. Attorney-at-Law (202) 253-7804 Attorney-Client Privilege Information: The | 2/18/22 |
| Desharne Wooderts (. | Inbox Complaint Wooderts v Mars Inc et al - Her Signature Page - Attached: Complaint Wooderts v Mars Inc et al - Her Signature Page.pdf Sent using Google Docs https:/ | 2/18/22 |
| me | Attorney Client Privilege (Do Not Discuss or Show to Anyone) - /s/ Type Your Name -- Wise D. Allen, Esq. Attorney-at-Law (202) 253-7804 Attorney-Client Privilege | |

[redacted]

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DESHARNE WOODERTS,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff(s),⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil Action No. 2022-CA-000820-B
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Judge Maurice A. Ross
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Civil II – Calendar 6
MARS INC., *ET AL.*,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Next Court Date:  Remote I.S.C. -
⠀⠀⠀⠀⠀⠀⠀⠀⠀Defendant(s).⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀⠀⠀Feb. 14, 2025, at 9:45 A.M.

## ORDER GRANTING MOTION FOR RELIEF FROM ORDER FROM THE DISMISSAL OF THE COMPLAINT FOR WANT OF PROSECUTION

Upon consideration of the Motion for Relief from Order from the Dismissal of the Complaint for Want of Prosecution, the Opposition and Reply thereto, and the entire record herein, it is this **18ᵗʰ** day of October 2024, hereby:

**ORDERED** that the Motion for Relief from Order from the Dismissal of the Complaint for Want of Prosecution is **GRANTED**.  Plaintiff's counsel performance was negligent.  His negligence cannot be attributed to his client.  Thus, she is entitled to reinstatement of her case on the basis of excusable neglect; and it is further

**ORDERED** that the above-referenced case is **REINSTATED**.  Accordingly, Plaintiff shall promptly request reissuance of the summons by the Clerk of the Court and serve all Defendants by **January 10, 2025**.  Proof of service shall be filed with the Court **by January 24, 2024**; and it is further

**ORDERED** that the Remote Status Hearing currently set on November 8, 2024, is hereby **VACATED**; and it is further

**ORDERED** that all parties shall appear for a **Remote** Initial Scheduling Conference on **Friday, February 14, 2025, at 9:45 A.M.** in Courtroom 100.  A copy of the Remote Hearing Instructions is attached for your convenience.

**IT IS SO ORDERED.**

*Maurice A. Ross*
_____
Judge Maurice A. Ross
Superior Court of the District of Columbia

Attachment

Copies to:

Wise D. Allen, Esq. (DC Bar No. 492427)
8300 Greensboro Drive, L1-139
McLean, VA  22102
Telephone: 202-253-7804
wiseallen@gmail.com
(202) 253-7804
***Counsel for Plaintiff***

Jay Burgett
19720 Woodside
New Lenox, IL  60451

Mars Food
1132 W. Blackhawk
Chicago, IL  60642

Mars Wrigley
800 High Street
McLean, VA  22101

Mars Wrigley Confectionery Us, LLC
800 High Street
Hackettstown, NJ  07840

c/o Director Frank E. Mars
Mars, Inc.
6885 Elm Street
McLean, VA  22101

Monchengladbach Hrb Mars Conf Supply Gmbh
17 Industriering
41751 Viersen, Germany

Pacific Marks Esaka
12F, 9-1 Toyotsuchou
Sita-Shi
Oska, 530-0000 Japan

Starburst Duos
1132 Blackhaw Street
Chicago, IL  60642

Starburst Duos Tm
1132 Blackhawk Street
Chicago, IL  60642

Wrigley Starburst
1132 Blackhawk Street
Chicago, IL  60642

Director Philip M. White
Mars, Inc. (HQ)
6885 Elm Street
McLean, VA  22101-6031

***Defendants***

anglew@gtlaw.com
bargerd@gtlaw.com
***Counsel for Defendants***

**ATTACHMENT**

# Remote Hearing Instruction for Participants

The following instructions are for participants who are scheduled to hear cases remotely before Judge M. Ross in Remote Courtroom 100.

All parties should be checked in at least 15 minutes prior to the scheduled hearing time. After you log on, please mute your audio until you are addressed.
Once the judge logs on, the hearing will begin. At that time, the judge may provide a brief opening statement and the courtroom clerk will begin to call the cases as scheduled. Please state your name (s) for the record.

When connecting to the WebEx System, you have several options that allows you to join into the session. Please review the following options and follow the directions as instructed.

**Method 1**:

1. Open Web Browser in Google Chrome and copy and paste following URL or click:
**https://dccourts.webex.com/meet/ctb100.** You will be connected directly into the waiting room or the live WebEx session. If this is the first time you are connecting to a WebEx session an applet will download to your computer first then connect you to the session.

2. When prompted, click "Join Meeting" to enter the session. Please place your microphone on mute and unmute your video as directed by clerk.

**Method 2**:

1. Open Web Browser in Google Chrome and copy and paste following URL or click:
**https://dccourts.webex.com.**

2. Select **Join**, enter Access Code/Meeting ID: **129 846 4145**
**AUDIO ALTERNATIVE:** Instead of automatically using **USE COMPUTER FOR AUDIO**, you may select **CALL-IN** and follow the **CALL-IN** prompt window. It is very important that you enter the **Access ID #** so that your audio is matched with your video. You will be heard clearer if you **do not** place your phone on SPEAKER.



**Smartphone/Tablets or iPads:**

**Method 3**:

1. Go to App Store, Download WebEx App (Cisco WebEx Meetings)
2. Sign into the App with your Name and Email Address
3. Select Join Meeting
4. Enter URL: https://dccourts.webex.com/meet/ctb100.
5. Click Join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen use the audio only option.
6. When you are ready click "Join Meeting". If the host has not yet started the meeting you will be placed in the lobby until the meeting begins.

**Issues With Sound**
If you are using your computer for sound and can't hear, or can't be heard, or the sound quality is bad then you should let the Clerk or Judge know that you are going to dial in by phone. Then disconnect from the WebEx hearing and use the dial in by phone Method 4 below.

**AUDIO ONLY/Dial-in by Phone:**

**Method 4**:

1. Dial the Webex Toll **(202) 860-2110 or 844-992-4726**
2. Enter Access Code/ Meeting ID: 129 846 4145, press **#** to enter session.
**Once you have joined the session, please place your phone on mute until directed.**



December 5, 2024

Dear Wise Allen:

The following is in response to your request for proof of delivery on your item with the tracking number: **9514 8066 9011 4335 4682 16**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | December 5, 2024, 11:12 am |
| **Location:** | MC LEAN, VA 22102 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | P H WHITE |

| Shipment Details | |
|---|---|
| **Weight:** | 5.0oz |

**Recipient Signature**

| | |
|---|---|
| Signature of Recipient: | |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

eFiled
12/12/2024 12:46:24 PM
Superior Court
of the District of Columbia

Wise David Allen, Esq.
District of Columbia Bar ID.: 492427
8300 Greensboro Drive, L1-139
McLean, Virginia 22102
Telephone: 202-253-7804
wiseallen@gmail.com
(202) 253-7804

**Superior Court of the District of Columbia**

**Civil Division**

DeSharne Wooderts,

      Plaintiff,

   vs.

Mars, Inc., et. al.

      Defendant(s)

Case No.: 2022-CA-000820-B

**Proof of Service for the Service of Process of the Summons**

**SERVICE OF SUMMONS**

Pursuant Superior Court, Rule 4(c) the summons attached to a copy of the Complaint, the Initial Order was served within the time allowed by Rule by the undersigned counsel above the age 18 by mail with certified mail, included in this the Original Complaint, Initial Order, Order Granting Reinstatement and signature receipts on December 5, 2024 obtained by

United States Post Office to the following individual
or corporation:

c/o Philip M. White
Mars, Incorporated (HQ)
6885 Elm Street
McLean, Va 22101-6031


                          Date:  December 12, 2024



                              //s// W. D. Allen
                    _____
                              W. D. Allen, Esq
                          Bar ID:  DC 492427


                         8300 Greensboro Drive
                                        L1-139
                         McLean, Virginia 22102
                                  202-253-7804
                         wiseallen@gmail.com

**UNITED STATES
POSTAL SERVICE**

December 10, 2024

Dear wise allen:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9514 8066 9011 4335 4682 30**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | December 5, 2024, 11:12 am |
| **Location:** | MC LEAN, VA 22102 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | FRANK E MARS |

| Shipment Details | |
|---|---|
| **Weight:** | 5.0oz |

**Recipient Signature**

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

eFiled
12/12/2024 12:46:24 PM
Superior Court
of the District of Columbia

Wise David Allen, Esq.
District of Columbia Bar ID.: 492427
8300 Greensboro Drive, L1-139
McLean, Virginia 22102
Telephone: 202-253-7804
wiseallen@gmail.com
(202) 253-7804

## Superior Court of the District of Columbia

## Civil Division

| | |
|---|---|
| DeSharne Wooderts, | Case No.: 2022-CA-000820-B |
|      Plaintiff, | **Proof of Service for the Service of Process of the Summons** |
|   vs. | |
| Mars, Inc., et. al. | |
|     Defendant(s) | |

### Service of Summons

Pursuant Superior Court, Rule 4(c) the summons attached to a copy of the Complaint, the Initial Order was served within the time allowed by Rule by the undersigned counsel above the age 18 by mail with certified mail, included in this the Original Complaint, Initial Order, Order Granting Reinstatement and signature receipts obtained by United States Post

Office on December 5, 2021 to the following individual
or corporation:

c/o Frank E. Mars
Mars, Incorporated (HQ)
6885 Elm Street
McLean, Va 22101-6031

Date:  December 12, 2024


//s// W. D. Allen
_____
W. D. Allen, Esq.
Bar ID:  DC 492427

8300 Greensboro Drive
L1-139
McLean, Virginia 22102
202-253-7804
wiseallen@gmail.com

eFiled
12/17/2024 2:37:45 PM
Superior Court
of the District of Columbia

Wise David Allen, Esq.
District of Columbia Bar ID.: 492427
8300 Greensboro Drive, L1-139
McLean, Virginia 22102
Telephone: 202-253-7804
wiseallen@gmail.com
(202) 253-7804

### Superior Court of the District of Columbia

### Civil Division

DeSharne Wooderts,

      Plaintiff,

   vs.

Mars, Inc., et. al.

      Defendant(s)

Case No.: 2022-CA-000820-B

**Proof of Service for the Service of Process of the Summons**

### SERVICE OF SUMMONS

Pursuant Superior Court, Rule 4(c) the summons attached to a copy of the Complaint, the Initial Order was served within the time allowed by Rule by the undersigned counsel above the age 18 by mail with certified mail, included in this the Original Complaint, Initial Order, Order Granting Reinstatement and signature receipt obtained by United States Post

Office on December 10, 2024 to the following individual
or corporation:

FIONA DAWSON
1131 W. Blackhawk
Chicago, Ill60642

                              Date:  December 17, 2024


                                   //s// W. D. Allen
                        _____
                                   W. D. Allen, Esq.
                             Bar ID:  DC 492427

                              8300 Greensboro Drive
                                          L1-139
                             McLean, Virginia 22102
                                     202-253-7804
                             wiseallen@gmail.com



December 10, 2024

Dear Wise Allen:

The following is in response to your request for proof of delivery on your item with the tracking number:
**4206 0642 9514 8066 8901 4337 4320 83**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | December 10, 2024, 2:37 pm |
| **Location:** | CHICAGO, IL 60642 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | FIONA DAWSON |

| Shipment Details | |
| --- | --- |
| **Weight:** | 5.0oz |

**Recipient Signature**

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004